Henry SHAPIRO, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–878.

United States Court of Veterans Appeals.

Submitted Dec. 4, 1991.

Decided June 5, 1992.

Henry Shapiro, pro se.

Robert E. Coy, Acting General Counsel, Barry M. Tapp, Asst. General Counsel, Pamela L. Wood, Deputy Asst. General Counsel, and Stephen A. Bergquist were on the pleadings, for appellee.

Before KRAMER, FARLEY and IVERS, Associate Judges.

IVERS, Associate Judge:

Appellant, Henry Shapiro, appeals from a May 14, 1990, Board of Veterans' Appeals (BVA or Board) decision denying service connection for a bilateral leg disability. Appellant, proceeding *pro se*, argues that the BVA decision was clearly erroneous. The Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance. For the reasons set forth below, the Secretary's motion is granted and the BVA decision is affirmed.

## I. BACKGROUND

Appellant served in the United States Army from November 28, 1940, to February 19, 1942. R. at 11, 59. Appellant filed a claim with the Veterans' Administration (now Department of Veteran Affairs) (VA) on April 13, 1942, for entitlement to service connection for an orthopedic condition of the legs and psychoneurosis as a secondary condition. R. at 1–5. Appellant's claim was denied by the rating board in a July 9, 1942, rating decision. R. at 75. The denial was upheld by the BVA on November 3, 1944. R. at 91–95. Appellant reopened his claim in 1946 by submitting a letter from his treating physician, however, his claim was again denied by the rating board in a July 3, 1946, decision. R. at 97. The BVA continued to uphold the denial of his claim in its June 25, 1947, decision. R. at 102–03.

Appellant did not attempt to reopen his claim again until May 14, 1975. R. at 106. The VA Regional Office informed him on several occasions, that he could not reopen

his claim without submitting new and material evidence. R. at 110, 112, 113. Sometime in 1979, appellant began receiving a non-service-connected pension. R. at 121. On August 16, 1988, appellant requested reconsideration of his claim for service connection for his bilateral leg condition. R. at 125. In support of his request, he authorized the VA to obtain his medical records for treatment from the New York, New York, VA Medical Center, and requested a VA examination. *Id.* Appellant was again denied service connection by the rating board in its November 2, 1988, deferred or confirmed rating decision. R. at 143. On December 29, 1988, a Notice of Disagreement was filed. R. at 167. At that time, appellant also submitted some service medical records which had been previously submitted along with part of a medical treatise. R. at 163–64. The rating board determined that this evidence was not new and material in a March 3, 1989, deferred or confirmed rating decision. R. at 165. A Statement of the Case was sent to veteran shortly after the March 3, 1989, rating decision. R. at 166–68. A hearing was conducted on May 17, 1989. R. at 174–88. The hearing officer continued the denial for service connection in his June 13, 1989, hearing decision. R. at 188. A hearing before the BVA took place on February 7, 1990. R. at 215–30. The Board denied service connection for a bilateral leg disability on May 14, 1990. *Henry Shapiro,* BVA 90–10909 (May 14, 1990). Appellant made a timely appeal to this Court. This Court has jurisdiction to hear this appeal pursuant to 38 U.S.C. § 7252 (formerly § 4052).

## II. ANALYSIS

■ In deciding whether to reopen a previously disallowed claim, the Board must determine if the evidence submitted is both new and material. If it is, then the Board must reopen the claim and evaluate the merits of appellant's claim in light of all the evidence, both old and new. *See Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991); 38 U.S.C. § 7104(b) (formerly § 4004(b)). However, if appellant does not submit new and material evidence, then reopening is not to occur. *See Thompson v. Derwinski,* 1 Vet.App. 251, 253 (1991). The determination whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C. § 5108 (formerly § 3008) is a question of law which this Court reviews *de novo. Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). "New and material" evidence is evidence which is "not ... merely cumulative" but "is relevant and probative of the issue at hand." *Id.*

■ In denying appellant's claim, the Board found that the "[e]vidence received subsequent to the prior [BVA] decisions, is somewhat new and material, but does not alter the bases upon which they were predicated." *Shapiro,* BVA 90–10909, at 7. The Board concluded that "[t]he November 1944 and June 1947 decisions by the [BVA] are final, and a new factual basis warranting service connection for a bilateral leg disability is not shown." *Id.* Evidence is either new and material or it is not. It cannot be both. The Board's use of the word "somewhat" does not resolve the issue.

The Court holds that new and material evidence was not submitted in this case. The evidence submitted since the June 25, 1947, BVA decision consisted of service medical records previously submitted, along with medical records documenting appellant's current condition, and oral testimony. Although some of this evidence can be categorized as "new," most of the evidence can be categorized as cumulative, and that which is not cumulative does not indicate that appellant's current disabilities either occurred in service or during the presumptive period, or as a result of any injury sustained in service. As such, the newly submitted evidence is not "material" to the claim of service connection. Accordingly, the claim should not have been reopened. However, in this instance, any error on the Board's part is harmless. *See Kehoskie v. Derwinski,* 2 Vet.App. 31, 34 (1991) (where a claim should not have been reopened, if the Board nevertheless denied the claim, such error would be considered harmless); *Godwin v. Derwinski,* 1 Vet.

App. 419, 425 (1991); *Thompson,* 1 Vet. App. at 254.

Upon consideration of the pleadings, appellant's informal brief, and the record on appeal, it is the holding of the Court that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert v. Derwinski,* 1 Vet.App. 49, 53–57 (1990). Summary disposition of this claim is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

Therefore, the Secretary's motion for summary affirmance is GRANTED. Accordingly, the BVA decision is AFFIRMED.