**Harold R. HARVEY, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–680.**

United States Court of Veterans Appeals.

Argued Aug. 11, 1992.

Decided Oct. 8, 1992.

As Amended Oct. 14, 1992.

Alvin M. Guttman, Washington, D.C., for appellant.

John C. Winkfield, with whom James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, and Pamela L. Wood, Deputy Asst. Gen. Counsel, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Associate Judges.

NEBEKER, Chief Judge:

This case presents for review a December 28, 1990, Board of Veterans' Appeals (BVA or Board) decision which denied appellant's claim for entitlement to service connection for malignant lymphoma. Upon consideration of the pleadings and the record on appeal, we affirm the Board's decision and hold that appellant has failed to present a well-grounded claim.

Appellant served on active duty from April 1945 to April 1949. During 1946, he participated in a military exercise in conjunction with Operation Crossroads and was exposed to ionizing radiation. In January 1989, he was diagnosed with lymphoma. R. at 26. A physician's report indicates that he first noted symptoms three to four months earlier. R. at 28. He subsequently applied for compensation, alleging that his lymphoma was caused by radiation exposure in service. R. at 35. The Regional Office (RO) denied his claim, finding that he did not meet the time limits for presumptive service connection and that he failed to establish direct service connection. R. at 39.

Appellant subsequently submitted further evidence, including a letter from Dr. Sandra J. Horning, who wrote,

I can understand your concern for an association between your radiation exposure and the development of lymphoma. However, I must honestly say that I do not feel that there is any "cause and effect" relationship. It is also impossible to know when your lymphoma first developed, but a period of ten years before diagnosis would really be at the extreme end of the spectrum.

R. at 45. The RO considered his newly submitted evidence, but again denied service connection. R. at 49. The BVA also denied service connection, and appellant appealed to this Court.

This case presents the question of whether appellant has submitted a well-grounded claim. Section 5107(a) (formerly § 3007(a)) of title 38, United States Code, provides, in pertinent part:

... a person who submits a claim for benefits under a law administered by the Secretary [of Veterans Affairs (Secretary)] shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is *well grounded.*

38 U.S.C. § 5107(a) (emphasis added).

Appellant alleges that his claim for presumptive service connection is "well-grounded." In support of this assertion, he relies on 38 C.F.R. § 3.307(c) which provides that a disease need not be diagnosed within the presumptive period:

(c) *Prohibition of certain presumptions.* ... the disease [need not] be diagnosed in the presumptive period, but ... there [must] be ... shown by acceptable medical or lay evidence characteristic manifestations of the disease to the required degree, followed without unreasonable time lapse by definite diagnosis. Symptomatology shown in the prescribed period may have no particular significance when first observed, but in the light of subsequent developments it may gain considerable significance. Cases in which a chronic condition is shown to exist within a short time following the applicable presumptive period, but without evidence of manifestations within the period, should be developed to determine whether there was symptomatology which in retrospect may be identified and evaluated as manifestation of the chronic disease to the required 10–percent degree.

38 C.F.R. § 3.307(c) (1991).

Appellant asserts that Dr. Horning's letter, which opines that his condition may have started as far back as ten years prior to initial diagnosis, is evidence which will "justify a belief by a fair and impartial individual that the claim is *well grounded.*" 38 U.S.C. § 5107. He maintains that since his claim was well grounded, the Secretary had a duty to assist him in developing his claim.

What he fails to consider, however, is that 38 C.F.R. § 3.307(c) requires that the Secretary determine whether symptomatology was present within the presumptive period. Symptomatology is defined as a "symptom complex," or "a group of symptoms occurring together and characterizing a particular disease." WEBSTER'S MEDICAL DESK DICTIONARY 698 (1st ed. 1986). Here, appellant and his physicians have said that he experienced his first symptoms only a few months prior to his initial diagnosis. R. at 28, 57. Since the evidence of record specifies that appellant had no symptomatology within the forty-year presumptive period, he has not submitted a well-grounded claim; and, therefore, the Secretary did not have a duty to seek out additional medical opinion. *See Tirpak v. Derwinski,*

2 Vet.App. 609 (1992). Absent symptomatology within the presumptive period, his claim does not come within the purview of 38 C.F.R. § 3.307(c). Furthermore, appellant has submitted no evidence supporting direct service connection. 38 C.F.R. § 3.303(d) (1991). Appellant's claim must be denied as not well grounded.

Accordingly, the Board's decision is AFFIRMED.