Leroy C. MONTGOMERY, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–410.

United States Court of Veterans Appeals.

March 9, 1993.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, World War II veteran Leroy C. Montgomery, appeals from a February 19, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for a bilateral foot disorder and a low back disorder as secondary to a service-connected gunshot wound (GSW) of the left thigh. *Leroy C. Montgomery*, BVA 91–____ (Feb. 19, 1991). The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. Summary disposition is appropriate here because the case is

one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). For the reasons set forth below, the Court will grant the Secretary's motion and affirm the Board's decision.

## I. BACKGROUND

The veteran served in the United States Army from July 1944 to June 1946. R. at 2, 59. Service medical records show that in March 1945, he suffered a combat-related GSW to the left thigh. R. at 7. An October 1964 Veterans' Administration (now Department of Veterans Affairs) (VA) orthopedic and surgical examination revealed that he sustained a perforating GSW to the thigh "transversing muscle group VIII". There was no nerve, artery, or bone damage observed and there was no impairment of function in muscle group VIII. R. at 58. In a November 4, 1964, rating decision, a VA regional office (RO) awarded service-connected disability compensation for GSW residuals, rated as 10% disabling, effective from September 10, 1964. R. at 59.

The veteran's claim for service connection for a low back disorder as secondary to his service-connected thigh disability was denied by prior final BVA decisions in July 1979, October 1982, and February 1985. R. at 156–62, 235–41, 274–82. The veteran reopened his claim in September 1989, at which time the RO denied service connection for his low back disorder and a bilateral foot condition, both as secondary to his service-connected disability. R. at 349. In July 1990, the Board remanded the veteran's case to the RO with orders to furnish him a Supplemental Statement of the Case (SSOC) containing the applicable law and regulations concerning finality of prior Board decisions. R. at 366–68. After the RO provided such an SSOC, the case returned to the BVA which issued the adverse February 19, 1991, decision here on appeal. *Montgomery*, BVA 91-____.

## II. ANALYSIS

### A.

■ Pursuant to 38 U.S.C.A. § 5108 (West 1991), a previously and finally disallowed claim must be reopened by the Secretary when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C.A. § 7104(b) (West 1991). In considering claims to reopen previously and finally disallowed claims, the Board must first determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). Evidence is "new" if it is not "merely cumulative" of evidence already in the record; it is "material" if it is "relevant [to] and probative of the issue at hand" and there is a "reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin v. Derwinski*, 1 Vet. App. 171, 174 (1991). The determination as to whether evidence is "new and material" is a question of law which this Court reviews de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones (McArthur) v. Derwinski*, 1 Vet. App. 210, 213 (1991); *Colvin, supra*.

■ All of the medical evidence submitted by and on behalf of the veteran subsequent to the prior final disallowance of his claim for service connection for his low back disorder relates to the treatment of his current condition and does not serve to establish an etiological relationship between that condition and his service-connected thigh disorder. Therefore, in the absence of any evidence, old or new, of a current disability which could be attributable to service, the veteran has not submitted evidence which is "probative of the issue at hand". *See Rabideau v. Derwinski*, 2 Vet.App. 141, 143–44 (1992). There is thus no new and material evidence on the basis of which the veteran's claim may be reopened. Although the Board erred in reopening the claim, the error was harmless because the claim was nevertheless denied upon the purported reopening. *See* 38 U.S.C.A. § 7261(b) (West 1991); *Shapiro v. Derwinski*, 2 Vet.App. 477, 478 (1992); *Kehoskie v. Derwinski*, 2 Vet.App. 31, 34

(1991); *Godwin v. Derwinski,* 1 Vet.App. 419, 425 (1991); *Thompson v. Derwinski,* 1 Vet.App. 251, 254 (1991). Any error in the course of the BVA's adjudication was also, therefore, harmless. *See* 38 U.S.C.A. § 7261(b); *Shapiro, supra; Kehoskie, supra; Godwin, supra; Thompson, supra.* Accordingly, the Court will affirm the Board's decision as to this claim.

### B.

 Pursuant to 38 U.S.C.A. § 5107(a) (West 1991), "a person who submits a claim for benefits under a law administered by the Secretary shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded". "A well[-]grounded claim is a plausible claim, one which is meritorious on its own or capable of substantiation." *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990). In this case, the veteran's service medical records are negative for a bilateral foot condition and there is no medical evidence of record establishing an etiological relationship between his service-connected disability and his current foot disorders. Therefore, the Court holds that the veteran's claim for service connection, on a primary or secondary basis, for his bilateral foot condition is not well grounded. Because the claim is not well grounded, the Board was not required to develop it further or to carry it to full adjudication. *See Harvey v. Principi,* 3 Vet.App. 343, 345 (1992); *Ross v. Derwinski,* 3 Vet.App. 141, 145 (1992); *see also Gilbert v. Derwinski,* 1 Vet.App. 49, 55 (1990) (under 38 U.S.C.A. § 5107(b) (West 1991), the "benefit-of-the-doubt" rule does not shift "from the claimant to the [Secretary]" the initial burden of submitting a facially valid claim; "the submission of a facially valid claim is necessary"). Any error in the course of the BVA's adjudication denying the foot-disability claim is thus harmless. *See* 38 U.S.C.A. § 7261(b); *Ross, supra; Kehoskie, supra.* Accordingly, the Court will also affirm the Board's denial of this claim.

### III. CONCLUSION

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C.A. §§ 7261, 7252, 5107(b), 7104(d)(1) (West 1991) and the analysis in *Gilbert, supra.* The Court grants the Secretary's motion for summary affirmance and summarily affirms the February 19, 1991, BVA decision.

AFFIRMED.