Joseph J. FRANKO, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 90–1473.

United States Court of Veterans Appeals.

April 9, 1993.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, Korean-conflict veteran Joseph J. Franko, appeals from an August 10, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying an increased rating for residuals of a pleural cavity injury and denying service connection for arteriosclerotic heart disease, diabetes mellitus, and headaches. *Joseph J. Franko*, BVA 90-27534 (Aug. 10, 1990). The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. Summary disposition is appropriate here because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990). For the reasons set forth below, the Board's decision will be partially affirmed and partially vacated and remanded for readjudication.

### I. BACKGROUND

The veteran had active service in the United States Army from April 1946 to March 1948 and from March 1949 to February 1953, including combat duty in Korea. R. at 71, 118-19. Service medical records (SMRs) show that in July 1946, he suffered a penetrating gunshot wound (GSW) to the left hand. R. at 14, 140. In April 1951, he suffered a combat related shell-fragment wound (SFW) to the chest, abdomen, and back "with rupture of [the] spleen and hemothorax". R. at 71, 140. There was no artery or nerve damage observed. R. at 72. As a result of the SFW, a thoracotomy and splenectomy with abdominal exploration were performed in service. R. at 71, 139. He is currently service connected for

residuals of a left-hand GSW, rated as 10% disabling, a pleural cavity injury, rated as 20% disabling, and a splenectomy, rated as 30% disabling. R. at 140. His combined service-connected rating is 50%. R. at 140.

The veteran's SMRs are negative for complaints of or treatment for headaches, diabetes mellitus, or a heart disorder. R. at 1–118. The record on appeal indicates that he first sought treatment for chronic headaches in 1968. R. at 218. In January 1969, private neurological testing resulted in an impression of probable vascular headaches. R. at 218. The veteran's diabetes mellitus was diagnosed for the first time in April 1970 by a private medical consultant who noted that the veteran also suffered from pancreatitis. R. at 227–28. The veteran's SMRs show that his pancreas was not damaged by the in-service SFW sustained to his chest and back. R. at 1–118. The first clinical evidence of his heart disorder is in an April 1986 report from a private hospital diagnosing him with an "[a]cute posterior myocardial infarction". R. at 234. He was examined in December 1987 at a Veterans' Administration (now Department of Veterans Affairs) (VA) hospital and diagnosed with coronary heart disease, hypertension, and mitral regurgitation. R. at 166. On December 14, 1987, at a VA medical center, he underwent aortocoronary bypass surgery without complications. R. at 166–67.

· The veteran's claims for service connection for diabetes mellitus and an increase in his service-connected rating for pleural cavity injury were denied by a VA regional office (RO) in an unappealed April 1976 decision. R. at 148. His claims for service connection for headaches and for a service-connected total disability (TD) rating based on individual unemployability (IU) produced by a combination of his service-connected disabilities were denied by the RO in an unappealed June 1976 decision. R. at 158–59. In February 1988, he reopened his previously disallowed claims and, in addition, sought a service-connected TDIU rating based on the combination of his disabilities, including arteriosclerotic heart disease. R. at 161. In a May 1988 decision, the RO confirmed the previous denial of his claims. R. at 185. In a February 1989 decision, the RO denied a TDIU rating, denied his claim for an increased rating for his service-connected pleural cavity injury, denied his claim for service connection for arteriosclerotic heart disease as secondary to his service-connected splenectomy, and found that he had failed to submit new and material evidence to reopen his previously disallowed claims for service-connected diabetes mellitus and headaches. R. at 267. He then appealed that RO decision, with the exception of the TDIU claim, to the BVA which issued the adverse August 10, 1990, decision here on appeal. *Franko,* BVA 90–27534.

## II. ANALYSIS

### A. Arteriosclerotic heart disease

Pursuant to 38 U.S.C.A. § 5107(a) (West (1991), "a person who submits a claim for benefits under a law administered by the Secretary shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded". A well-grounded claim is "a plausible claim, one which is meritorious on its own or capable of substantiation." *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990). Although the claim need not be conclusive, it must be accompanied by supporting evidence sufficient to justify a belief by a fair and impartial individual that the claim is plausible. *See Tirpak v. Derwinski,* 2 Vet.App. 609, 610 (1992). In this case, the veteran has failed to submit medical evidence establishing an etiological relationship, either on a primary or a secondary basis, between his current heart disorder and either of his periods of active military service. *See Rabideau v. Derwinski,* 2 Vet.App. 141, 143–44 (1992). Having not asserted any plausible basis entitling him to service-connected disability compensation under 38 U.S.C.A. § 1110 (West 1991), he has failed to submit a well-grounded claim under 38 U.S.C.A. § 5107(a). Therefore, the Board was not required to carry the claim to full adjudication, and any error in the subsequent administrative proceedings as to that claim is

harmless. *See Sanchez v. Derwinski*, 2 Vet.App. 330, 333 (1992); *Kehoskie v. Derwinski*, 2 Vet.App. 31, 34 (1991); *Godwin v. Derwinski*, 1 Vet.App. 419, 425 (1991); *Thompson v. Derwinski*, 1 Vet.App. 251, 254 (1991).

### B. Pleural cavity injury

 Because the appellant is seeking an increased rating for his service-connected pleural cavity injury, the Court notes that that claim is a new claim not subject to the provisions of 38 U.S.C.A. §§ 7104(b) and 5108 (West 1991) that prohibit reopening of previously disallowed claims except upon new and material evidence. *See Proscelle v. Derwinski*, 2 Vet.App. 629, 631–32 (1992). The Board's determinations as to the veteran's level of impairment are findings of fact which this Court reviews under a "clearly erroneous" standard. 38 U.S.C.A. § 7261(a)(4) (West 1991); *see Lovelace v. Derwinski*, 1 Vet.App. 73, 74 (1990). Pursuant to that standard, "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them." *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990).

The 20% rating for the veteran's pleural cavity injury was issued under the criteria in 38 C.F.R. § 4.97, Diagnostic Code 6818 (1992): "Moderate; bullet or missile retained in lung, with pain or discomfort on exertion; or with scattered rales or some limitation of excursion of diaphragm or of lower chest expansion". The criteria for a 40% rating are: "Moderately severe; with pain in chest and dyspnea on moderate exertion (exercise tolerance test), adhesions of diaphragm, with excursions restricted, moderate myocardial deficiency, and one or more of the following: thickened pleura, restricted expansion of lower chest, compensating contralateral emphysema, deformity of chest, scoliosis, [or] hemoptysis at intervals". *Ibid.*

 In concluding that the veteran had not satisfied the criteria for a 40% disability rating, the Board stated:

Regarding the matter of an increased rating for ... residuals of a pleural cavity injury, we note that the veteran has complained of significant symptomatology. Recent VA outpatient treatment records, however, do not show that the veteran has received any treatment for this disability. In February 1988, it was observed that the chest was clear and that [the] heart had a normal sinus rhythm. There was no shortness of breath and the veteran reported that he walked two miles daily. At the February 1989 VA examination, ... [t]here was no significant cough, paroxysmal nocturnal dyspnea or orthopnea.... It was noted that the forced expiratory volume/forced vital capacity ratio was normal. A chest X ray showed a few metallic foreign bodies in the chest wall bilaterally, but no other pertinent abnormality.

*Franko*, BVA 90–27534, at 8–9. The record supports the Board's foregoing findings, and the Court, therefore, holds that there is a plausible basis in the record for the Board's factual determination that the veteran is not entitled to an increased disability rating for his service-connected pleural cavity injury. Therefore, that conclusion is not subject to reversal as a clearly erroneous finding of fact. *See Gilbert, supra.*

### C. Diabetes mellitus and headaches

 Pursuant to 38 U.S.C.A. § 5108 (West 1991), the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C.A. § 7104(b). In considering claims to reopen previously and finally disallowed claims, the Board must first determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). Evidence is "new" if it is not "merely cumulative" of evidence already in the record; it is "material" if it is "relevant [to] and probative of the issue at hand" and there is a "reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would

change the outcome." *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). The determination as to whether evidence is "new and material" is a question of law which this Court reviews de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991). *See Masors v. Derwinski,* 2 Vet.App. 181, 185 (1992); *Jones (McArthur) v. Derwinski,* 1 Vet.App. 210, 213 (1991); *Colvin, supra.*

 **i. Diabetes mellitus:** The evidence submitted on the veteran's behalf subsequent to the prior final disallowance of his claim for service-connected diabetes mellitus relates to the treatment and diagnosis of his current condition and does not serve to establish an etiological relationship between the onset of that condition and his period of active military service. Therefore, in the absence of any evidence, old or new, of a current disability which could be attributable to service, the veteran has not submitted evidence which is "probative of the issue at hand". *See Rabideau,* 2 Vet.App. at 143–144. There is thus no new and material evidence on the basis of which the veteran's claim may be reopened. Although the Board erred in reopening the claim, the error was harmless because the claim was nevertheless denied upon the purported reopening. *See* 38 U.S.C.A. § 7261(b) (West 1991); *Shapiro v. Derwinski,* 2 Vet.App. 477, 478 (1992); *Kehoskie,* 2 Vet.App. at 34; *Godwin,* 1 Vet.App. at 425; *Thompson,* 1 Vet.App. at 254. Any error in the course of the BVA's adjudication was also, therefore, harmless. *See* 38 U.S.C.A. § 7261(b); *Shapiro, supra; Kehoskie, supra; Godwin, supra; Thompson, supra.* Accordingly, the Court will affirm the Board's decision as to this claim.

 **ii. Headaches:** As to the veteran's claim for service connection for headaches, apparently as secondary to the explosion which caused his SFW, under 38 U.S.C.A. § 1154(b) (West 1991):

In the case of any veteran who engaged in combat with the enemy in active service ... during a period of war, campaign, or expedition, *the Secretary shall accept as sufficient proof of service-connection* of any disease or injury alleged to have been incurred in or aggravated by such service *satisfactory lay or other evidence of service incurrence* or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service ... Service-connection of such injury or disease may be rebutted by clear and convincing evidence to the contrary.

(Emphasis added.) *See* 38 C.F.R. § 3.304(d) (1992) (to the same effect); *Sheets v. Derwinski,* 2 Vet.App. 512, 514–15 (1992) (the law specifically provides that service connection may be proven by satisfactory lay evidence without the support of official records). The Board is required to consider and discuss the applicability of all potentially applicable provisions of law. *See Schafrath v. Derwinski,* 1 Vet.App. 589, 592–93 (1991); *Payne v. Derwinski,* 1 Vet.App. 85, 87 (1990).

 The evidence submitted on the veteran's behalf subsequent to the prior final disallowance of his claim includes, inter alia, the veteran's sworn testimony from an August 24, 1989, personal hearing before the RO. R. at 286–98. He testified that his headaches had their onset "about five minutes after [his] being hit" by a shell fragment. R. at 292. Also submitted was the veteran's sworn testimony from a June 26, 1990, personal hearing before the BVA in which he stated that he had "had headaches ever since the injury". R. at 328. Although the Board correctly determined that the veteran had submitted new and material evidence to reopen his claim, it erred in failing to apply the provisions of section 1154(b) to its readjudication of his claim for service connection for headaches. *See Schafrath, supra.* In denying the veteran's claim, the Board held that "while it is contended that the veteran has experienced headaches since his 1951 injury during service, this assertion is not supported by the contemporaneously recorded clinical data". *Franko,* BVA 90–27534, at 8. This analysis is flawed because, under section 1154(b), the Board is required to accept as sufficient proof of service connection the

veteran's lay evidence of service incurrence, as long as such evidence is consistent with the circumstances of service and is not rebutted by clear and convincing evidence to the contrary. Although the veteran is not competent to offer medical opinions or diagnoses, his testimony about symptoms suffered must be considered. *See Espiritu v. Derwinski,* 2 Vet.App. 492, 494 (1992). In this case, the veteran's unrebutted testimony regarding the service incurrence of headaches is consistent with the circumstances surrounding his in-service SFW. Thus, the Court will vacate and remand for further development and readjudication, with an adequate statement of reasons or bases under 38 U.S.C.A. § 7104(d)(1) (West 1991) and *Gilbert,* 1 Vet. App. at 56–58, that part of the Board's decision denying service connection for headaches. As part of readjudication on remand, the VA is to provide the appellant with "a thorough and contemporaneous medical examination, one which takes into account the records of prior medical treatment, so that the evaluation of the claimed disability is a fully informed one" and should address the relationship between any current disability and the SFW suffered in service. *Littke v. Derwinski,* 1 Vet.App. 90, 92 (1991); *see also Wilson v. Derwinski,* 2 Vet.App. 16, 21 (1991); *Parker v. Derwinski,* 1 Vet.App. 522, 526 (1991); *Moore v. Derwinski,* 1 Vet.App. 401, 405 (1991); *EF v. Derwinski,* 1 Vet. App. 324, 326 (1991); *Green v. Derwinski,* 1 Vet.App. 121, 124 (1991).

### III. CONCLUSION

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion, the Court holds that the appellant has not demonstrated that the BVA committed error in denying an increased rating for residuals of a pleural cavity injury or in denying service connection for arteriosclerotic heart disease and diabetes mellitus, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C.A. §§ 7252, 5107(a), (b),

7104(d)(1), 7261 and the analysis in *Gilbert,* 1 Vet.App. at 49. The Court, therefore, affirms the August 10, 1990, BVA decision as to those claims.

However, the Court vacates the BVA decision insofar as it denied service connection for headaches and remands the matter to the Board for further development and prompt readjudication of that claim in accordance with this decision, on the basis of all evidence and material of record and applicable provisions of law and regulation, and issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C.A. § 7104(a), (d)(1); *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). On remand, the appellant will be free to submit additional evidence and argument on this issue. *See Quarles v. Derwinski,* 3 Vet.App. 129 (1992). A final decision by the Board following the remand herein ordered will constitute a new decision which, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new BVA decision is mailed to the appellant.

AFFIRMED IN PART AND VACATED AND REMANDED IN PART.