Doris FRANKLIN, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–2002.

United States Court of Veterans Appeals.

Argued April 12, 1993.

Decided June 4, 1993.

James Marshal Smith, McGehee, AR, for appellant.

Michael P. Butler, with whom James A. Endicott, Jr., Gen. Counsel, Norman G. Cooper, Acting Asst. Gen. Counsel, and Andrew J. Mullen, Deputy Asst. Gen. Counsel, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Associate Judges.

FARLEY, Associate Judge:

Appellant, Doris Franklin, appeals an August 1, 1991, decision of the Board of

Veterans Appeals (BVA or Board) which denied entitlement to reopen a claim under the Veterans' Benefits Amendments of 1989, Public Law 101–237, § 311 (hereinafter "Public Law 101–237") for a waiver of recovery of an overpayment of improved death pension benefits. The Court has jurisdiction of the case pursuant to 38 U.S.C.A. § 7252(a) (West 1991).

The BVA based its decision on Office of the General Counsel (OGC) Precedent Opinion (Prec.Op.) 22–90 (July 17, 1990), which holds that only debts outstanding or money collected by the Department of Veterans Affairs (formerly Veterans' Administration) (VA) on or after December 18, 1989, the date of enactment of Public Law 101–237, may be reconsidered for waiver or refunded under the new legislation. Since appellant had repaid to the VA the entire outstanding debt before December 18, 1989, the Board determined that appellant failed to submit a well grounded claim under 38 U.S.C.A. § 5107(a) (West 1991). *Doris Franklin*, BVA 91–22973, at 4–5 (Aug. 1, 1991). Because we find the Board's August 1, 1991, decision and OGC Prec.Op. 22–90 upon which the Board relied in rendering it, to be inconsistent with VA's regulations, the BVA decision will be vacated and the matter remanded for readjudication consistent with this opinion.

## I. Analysis

A claimant seeking benefits administered by the VA has "the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." 38 U.S.C.A. § 5107(a) (West 1991). This Court previously has defined a "well grounded claim" as "a plausible claim, one which is meritorious on its own or capable of substantiation" and has noted that "such a claim need not be conclusive but only possible to satisfy the initial burden of § [5107(a)]." *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990). In *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990), this Court noted that the determination of whether a claim is well grounded is an objective one which focuses on the claimant's likelihood of prevailing on the merits. Based on these requirements, we must determine whether the BVA erred in concluding that appellant failed to submit a well grounded claim for a waiver of recovery of an overpayment of VA death pension benefits, a conclusion based on the fact that VA recovered all of the overpayment before December 18, 1989.

The governing statutory and regulatory law allows a claimant to seek a waiver of recovery of an overpayment of VA benefits and authorizes the Secretary of Veterans Affairs (Secretary) to waive such an overpayment where collection would be against "equity and good conscience." 38 U.S.C.A. § 5302(a) (West 1991); 38 C.F.R. § 1.962, 1.963(a) (1992). Public Law 101–237, enacted on December 18, 1989, amended 38 U.S.C. § 5302 regarding the circumstances under which waiving recovery of an overpayment of VA benefits would be authorized. Prior to enactment of Public Law 101–237, debts could not be waived if there existed "an indication of fraud, misrepresentation, material fault, or lack of good faith on the part of the person" requesting a waiver. 38 U.S.C.A. § 3102(c) (1988). Public Law 101–237 deleted "material fault" and "lack of good faith" as bars to waiver and substituted in their stead "bad faith." 38 U.S.C.A. § 5302 note (West 1991). *But see* 38 C.F.R. § 1.965(b) (1992) (listing bars to waiver as fraud or misrepresentation of a material fact, material fault, and lack of good faith).

As amended, 38 U.S.C.A. § 5302(c), now provides:

> The recovery of any payment or the collection of any indebtedness (or any interest thereon) may not be waived under this section if, in the Secretary's opinion, there exists in connection with the claim for such waiver an indication of fraud, misrepresentation, or bad faith on the part of the person or persons having an interest in obtaining a waiver of such recovery or the collection of such indebtedness (or any interest thereon).

38 U.S.C.A. § 5302(c). Thus, the statutory amendment specifically removed the "material fault" provision which the Regional Office (RO) Committee on Waivers and

Compromises (Committee) originally relied upon in denying appellant's waiver request.

In its August 1, 1991, decision, the Board did not reconsider appellant's waiver request under the provisions of the statutory amendment because it determined, as a threshold matter, that the claim was not well grounded. *Franklin*, BVA 91–22973, *supra*. In doing so, the Board noted that it was bound by OGC Prec.Op. 22–90. *Id.* at 4. *See* 38 U.S.C.A. § 7104(c) (West 1991) (BVA bound in its decisions by VA regulations, Secretary's instructions, and OGC precedent opinions). The Board determined that, while appellant might be entitled to have her waiver request reconsidered under newly enacted Public Law 101–237, her claim was not well grounded because, under OGC Prec.Op. 22–90, she could never prevail. *Id.* Even if the waiver were granted under the amended waiver statute, 38 U.S.C.A. § 5302, only funds collected by the VA on the debt in question on or after the date of enactment of Public Law 101–237, i.e., December 18, 1989, could be refunded to the appellant. *Id.* The Board ruled that, since appellant's funds were recovered prior to enactment of Public Law 101–237, she was ineligible for a refund. *Id.* The Board noted that "at the time [appellant's] moneys were collected the debt was not eligible for a waiver" and that "refunding money collected prior to the effective date of the statue (sic) would improperly give the enactment retroactive effect." *Id.* at 4–5.

■ We find that the Board was correct in determining that appellant was entitled to have her waiver request reconsidered based upon the change in law ushered in by Public Law 101–237. Section 1.969 of title 38 of the Code of Federal Regulations provides:

> (a) *Jurisdiction.* A decision involving waiver may be reversed or modified on the basis of new and material evidence, fraud, a *change in law* or interpretation of law specifically stated in a Department of Veterans Affairs issue, or clear and unmistakable error shown by the evidence in file at the time the prior

decision was rendered by the same or any other regional office Committee.

38 C.F.R. § 1.969 (1992) (emphasis added). This Court previously has held:

> [W]here the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to appellant should and we so hold will apply unless Congress provided otherwise or permitted the Secretary . . . to do otherwise and the Secretary did so.

*Karnas v. Derwinski*, 1 Vet.App. 308, 312–13 (1991). Here, the record indicates that appellant filed a timely motion for reconsideration within the statutory appeal period. Based on this Court's previous holding in *Rosler v. Derwinski*, appellant's motion for reconsideration abated the finality of the BVA's March 1989 denial of her waiver request. 1 Vet.App. 241, 249 (1991). Accordingly, because appellant's request for reconsideration was pending at the time Public Law 101–237 was enacted, she was entitled to have the Committee's denial of her waiver request reconsidered under the amended law. *See Karnas, supra.*

■ We find, however, that the holding in OGC Prec.Op. 22–90, that only moneys collected on or after the effective date of Public Law 101–237 may be waived and refunded, contradicts a VA regulation. Section 1.967 of title 38 of the Code of Federal Regulations, "Refunds," provides in pertinent part:

> [A]ny portion of an indebtedness resulting from participation in benefits programs administered by the Department of Veterans Affairs which has been recovered by the U.S. Government from the debtor may be considered for waiver, provided the debtor requests waiver in accordance with the time limits of § 1.963(b). *If collection of an indebtedness is waived as to the debtor, such portions of the indebtedness previously collected by the Department of Veterans Affairs will be refunded....*

38 C.F.R. § 1.967(a) (1992) (emphasis added). Thus, 38 C.F.R. § 1.967(a) authorizes a refund to a claimant of an overpayment

which has been recouped by the VA and subsequently waived by the Committee. The regulation does not contain any temporal limitation regarding the funds which may be waived and refunded. The only time limits mentioned in § 1.967(a) are those within which an application for a waiver of an indebtedness must be submitted: within two years following the date of a notice of indebtedness where the VA issued the notice on or before March 31, 1983, or within 180 days following a notice of indebtedness where the VA issued the notice on or after April 1, 1983. 38 C.F.R. § 1.963(b) (1992).

■ As we have held, the BVA and the VA are not free to ignore the VA's duly promulgated regulations. *Payne v. Derwinski,* 1 Vet.App. 85, 87 (1990); *Karnas,* 1 Vet.App. at 313. *See also Akles v. Derwinski,* 1 Vet.App. 118, 120–21 (1991); *Fugere v. Derwinski,* 1 Vet.App. 103, 108 (1990); *Bentley v. Derwinski,* 1 Vet.App. 28, 31 (1990). In *Payne,* this Court held:

> The BVA is not free to ignore regulations which the VA has adopted. [38 U.S.C.A. § 7104(a), (c) ]. Once a veteran raises a well-grounded claim to which a regulation could reasonably apply, the BVA must apply that regulation or give reasons and bases explaining why it is not applicable. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990).

*Id.* at 87.

Here, the VA notified appellant in March 1987 of its overpayment of improved death pension benefits. In April 1987, less than 180 days later, she submitted a request to the RO for a waiver of the recovery of the overpayment. Thus, appellant's waiver application was timely filed under 38 C.F.R. § 1.963(b). Applying the provisions of 38 C.F.R. § 1.967 to appellant's claim, if the Committee were to grant appellant a waiver of recovery of the overpayment of VA improved death pension benefits, she would be entitled to full refund of the amount the VA recovered from her.

■ In determining that appellant's claim was not well grounded, the BVA relied on the General Counsel's opinion, set forth in OGC Prec.Op. 22–90, that a refund of any sum collected by the VA prior to the enactment date of Public Law 101–237 would impermissibly give retroactive effect to the amended waiver statute (38 U.S.C.A. § 5302). *Franklin,* BVA 91–22973, at 5. In support of this position, the Secretary argues that "[s]ince this money was in fact recouped prior to the change in law, on December 18, 1989, the status of her pending motion for reconsideration would not place the appellant in a category of claimants who could take advantage of the change in law." Secretary's Br. at 15. We find no authority to support such a conclusion. The provisions of 38 C.F.R. § 1.967, which was promulgated before the enactment of Public Law 101–237 and before appellant filed her original waiver request, specify that funds already recovered by the VA *will* be refunded where a claimant is subsequently granted a waiver under the applicable provisions. We find no statutory or regulatory requirement that a claimant must have an outstanding debt *which is unrecovered by the Government* in order to apply for waiver of recovery of an overpayment of benefits. The fact that the debt in question has already been recouped by the Government may be a factor that the Committee and the Board consider in determining whether collection of the debt would be against "equity and good conscience." *See* 38 C.F.R. 1.965. It is not determinative, however, as to whether appellant has fulfilled the burden of setting forth a well grounded claim, i.e., a plausible one capable of substantiation, for reconsideration of the Board's denial of her waiver request based on a change in the governing law. *See* 38 U.S.C.A. § 5107(a); *Murphy, supra; Gilbert, supra.* Therefore, contrary to the Board's reasoning in its decision and the Secretary's contentions in his brief, appellant was entitled to benefit from any applicable provisions in the changes in law established by Public Law 101–237. *See Karnas, supra.*

## II. Conclusion

The Court holds that the BVA's failure to apply 38 C.F.R. § 1.967 was "arbitrary, capricious, an abuse of discretion," and

"not in accordance with law"; therefore, the BVA's August 1, 1991, decision must be set aside. *See* 38 U.S.C.A. § 7261(a)(3)(A) (West 1991). Accordingly, the Board's August 1, 1991, decision is **VACATED** and the matter is **REMANDED** for readjudication of appellant's waiver request in accordance with this opinion.