Citation Nr: 1008492 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-30 726 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, 
Georgia


THE ISSUE

Whether a debt resulting from the overpayment of compensation 
benefits in the original calculated amount of $363 was 
properly created. 


REPRESENTATION

Appellant represented by: Georgia Department of Veterans 
Services


ATTORNEY FOR THE BOARD

Paul S. Rubin, Counsel





INTRODUCTION

The Veteran served on active duty from September 1965 to 
September 1985. 

This matter comes before the Board of Veterans' Appeals 
(Board) on appeal from an October 2006 decision by the 
Department of Veterans Affairs (VA) Regional Office (RO) in 
Atlanta, Georgia. 


FINDINGS OF FACT

1. The Veteran has been charged with an overpayment of VA 
compensation of $363, representing the excessive amount he 
received in compensation benefits for the time period between 
December 1, 2005 and October 31, 2006. 

2. The overpayment of $363 was solely the result of VA 
administrative error; the Veteran's actions nor his failure 
to act did not contribute to the creation of the debt.


CONCLUSION OF LAW

The overpayment of compensation benefits in the amount of 
$363 was based solely upon VA administrative error, such that 
the debt was not valid and the overpayment was not properly 
created. 38 U.S.C.A. §§ 1114 (a), 5112, 5302, 5313 (West 
2002 & Supp. 2009); 38 C.F.R. §§ 1.911(c)(1), 1.956, 1.962, 
3.500, 3.665 (2009).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), codified 
at 38 U.S.C.A. §§ 5100, 5102-5103A, 5106, 5107, 5126 (West 
2002 & Supp. 2009), imposes obligations on VA in terms of its 
duties to notify and assist claimants. But the VCAA is not 
applicable to claims for waiver of recovery of overpayment. 
Barger v. Principi, 16 Vet. App. 132, 138 (2002). See also 
Lueras v. Principi, 18 Vet. App. 435 (2004) (the VCAA does 
not apply to a waiver). Thus, any discussion as to VCAA 
compliance is not required. In any event, since the Board is 
granting the claim, there is no need to discuss in detail 
whether there has been compliance with the notice and duty to 
assist provisions of the VCAA because even if, for the sake 
of argument, there has not been, this is inconsequential and, 
therefore, at most harmless error. See 38 C.F.R. § 20.1102. 

Governing Law and Regulations for Validity of the Debt

An overpayment is created when VA determines that a 
beneficiary or payee has received monetary benefits to which 
he or she is not entitled. See 38 U.S.C.A. § 5302; 38 C.F.R. 
§ 1.962. An overpayment may arise from virtually any 
benefits program administered pursuant to VA law, including 
pension, compensation, dependency and indemnity compensation 
(DIC), educational assistance benefits and subsistence 
allowance, insurance benefits, burial and plot allowances, 
clothing allowance, and automobile or other conveyance and 
adaptive equipment allowances. 38 C.F.R. § 1.956(a). 

"Compensation" means a monthly payment made by VA to a 
Veteran because of service-connected disability, or to a 
surviving spouse, child, or parent of a Veteran because of 
the service-connected death of the Veteran. 38 U.S.C.A. § 
101(13) (West 2002); 38 C.F.R. § 3.4 (2009). 

A Veteran who is incarcerated in a federal, state, or local 
penal institution in excess of 60 days for conviction of a 
felony committed after October 7, 1980, and who has a 
combined rating of 20 percent or more shall receive the rate 
of compensation of 10 percent payable beginning on the 61st 
day of incarceration. All or part of the compensation not 
paid to the Veteran may be apportioned to the Veteran's 
spouse, child, or children on the basis of individual need. 
38 U.S.C.A. § 1114 (a), 5313 (West 2002 & Supp. 2009); 38 
C.F.R. § 3.665 (2009). In short, these provisions create a 
limitation on payment of compensation to persons incarcerated 
for conviction of a felony. However, in such instances, VA 
must notify the Veteran that his benefits are subject to 
reduction due to his incarceration, of the rights of 
dependents to an apportionment while the person is 
incarcerated, and conditions under which payments to the 
person may be resumed upon release from incarceration. 38 
C.F.R. § 3.665(a).

The preliminary issue of the validity of a debt is a 
threshold determination that must be made prior to a decision 
on a request for waiver of the indebtedness. See Schaper v. 
Derwinski, 1 Vet. App. 430 (1991). A debtor may dispute the 
amount or existence of a debt, which is a right that may be 
exercised separately from a request for waiver or at the same 
time. See 38 C.F.R. § 1.911(c)(1) (2008); see also 
VAOPGCPREC 6-98. The propriety and amount of the overpayment 
at issue are matters that are integral to a waiver 
determination. See Schaper, 1 Vet. App. at 434.

In order for the Board to determine that the overpayment was 
not properly created, such that the debt was not valid, it 
must be established that the appellant was legally entitled 
to the benefits in question or, if the appellant was not 
legally entitled, then it must be shown that VA was solely 
responsible for the appellant being erroneously paid 
benefits. Administrative errors include all administrative 
decisions of entitlement, whether based upon mistake of fact, 
misunderstanding of controlling regulations or instructions, 
or misapplication of law. VAOPGPREC 2-90 (July 17, 1989), 55 
Fed. Reg. 27757 (1990). Sole administrative error connotes 
that the appellant neither had knowledge of nor should have 
been aware of the erroneous award. Further, neither the 
appellant's actions nor his or her failure to act must have 
contributed to payment pursuant to the erroneous award. 38 
U.S.C.A. § 5112(b) (9), (10) (West 2002 & Supp. 2009); 38 
C.F.R. § 3.500(b)(2) (2009); Jordan v. Brown, 10 Vet. App. 
171 (1997) (sole administrative error is not present if the 
payee knew, or should have known, that the payments were 
erroneous). Thus, a finding of sole administrative error 
requires not only error on the part of VA, but that the 
beneficiary is unaware that the payments are erroneous.

The United States Court of Appeals for Veterans Claims 
(Veterans Court) noted that, "[s]tated another way, when an 
overpayment has been made by reason of an erroneous award 
based solely on administrative error, the reduction of that 
award cannot be made retroactive to form an overpayment debt 
owed to VA from the recipient of the erroneous award." 
Erickson v. West, 13 Vet. App. 495, 499 (2000).
In other words, if a debt is the result solely of 
administrative error, the effective date of the reduction of 
benefits is the date of the last payment based on this error 
and, consequently, there would be no overpayment charged to 
the Veteran for an overpayment attributable to administrative 
error. 38 U.S.C.A. § 5112(b)(10); 38 C.F.R. § 3.500(b). 

Analysis

Effective May 19, 2004, the Veteran was in receipt of 60 
percent disability compensation for his service-connected 
disabilities. But in an April 5, 2005 statement, the Veteran 
advised that the VA should stop his entitlement to 
compensation due to his incarceration for a March 30, 2005 
conviction of a felony. The VA interpreted the conviction to 
mean that his incarceration began on March 30, 2005, such 
that a reduction in compensation benefits was made effective 
May 30, 2005 (the 61st day of his incarceration). In a July 
2005 decision, his spouse was granted apportionment of 
benefits effective May 30, 2005. Subsequently, however, in 
an August 2008 Report of Contact, the Georgia Men's State 
Prison indicated that the Veteran's incarceration actually 
began on May 12, 2005, as opposed to March 30, 2005. 
Therefore, the reduction of benefits should have been made 
effective 61 days later on July 11, 2005, instead of May 30, 
2005. The VA concluded in the September 2008 Statement of 
the Case (SOC) that withholding for the Veteran's 
incarceration began too early. 
 
In any event, the $363 debt on appeal does not arise out of 
the amount of compensation benefits withheld due to confusion 
regarding his correct incarceration date. Rather, it arises 
out of the latter payment of reduced compensation benefits 
from December 1, 2005 to October 31, 2006. In this regard, 
due to his incarceration, the VA initially paid the Veteran 
reduced compensation benefits in the amount of $108 a month 
starting on May 30, 2005. But due to a legislative change, 
the Veteran's monthly compensation benefits were increased to 
$145 a month from December 1, 2005 to October 31, 2006, for a 
total of $1,595. However, the VA determined that Veteran's 
monthly compensation benefits should only have been increased 
to $112 a month from December 1, 2005 to October 31, 2006, 
for a total of $1,232. See December 2008 written paid and 
due audit. In short, beginning December 1, 2005, the Veteran 
was incorrectly paid compensation benefits of $145 a month 
instead of $112 a month due to his incarceration. As such, 
this left an overpayment amount of $363 ($1,595 minus $1,232) 
for the time period between December 1, 2005 to October 31, 
2006. 

In a November 2006 Debt Management Center (DMC) letter to the 
Veteran, he was notified of the amount of this overpayment 
($363). The VA noted that it planned to recoup this 
overpayment by withholding compensation benefits beginning in 
February 2007. 

The Veteran has not disagreed with the amount of the 
overpayment - $363, which was confirmed by the December 2008 
written paid and due audit. However, he has challenged the 
validity of the debt, which is a creation issue. He argues 
that it is not his fault VA paid him $145 a month instead of 
$112 a month from December 1, 2005 to October 31, 2006. He 
believes it is not fair that VA informed him of the 
overpayment in an October 2006 decision, 10 months after VA 
commenced with the improper payments. He also added that 
recoupment of the overpayment by VA would add to the 
tremendous strain he and his spouse have had to endure 
because of his incarceration. In essence, the Veteran is 
asserting that the overpayment was the result of sole 
administrative error by VA and is therefore invalid. See 
October 2008 statement. If it is determined that any or all 
of the overpayment at issue was improperly created, award 
action should be taken to rectify the error.

It is clear from the evidence of record that the Veteran was 
not legally entitled to the benefits in question of $145 a 
month. That is, effective December 1, 2005, due to periodic 
legislative changes, the Veteran was instead entitled to 
benefits of $112 a month, which is the 10 percent rate of 
compensation payable for incarcerated Veterans under 38 
U.S.C.A. § 1114(a) (West 2002 & Supp. 2006). See also 38 
C.F.R. § 3.665(a), (d) (2006). In view of this statute and 
regulation, the Veteran was not legally entitled to receive 
compensation benefits of $145 a month from December 1, 2005 
to October 31, 2006. Yet, the VA still awarded the Veteran 
this improper amount during this time period. Since the 
Veteran had no legal entitlement to compensation benefits of 
$145 a month from December 1, 2005 to October 31, 2006, then 
in order to substantiate the Veteran's claim that the 
overpayment was not properly created, it must be demonstrated 
that VA was solely responsible for the Veteran being 
erroneously paid such benefits. 
 
Upon review of the evidence of record, the Board finds that 
the overpayment was created solely as a result of VA 
administrative error and it cannot, therefore, be held to 
have been properly created. As early as July 2006, the VA 
sent the Veteran a letter advising that his rate of 
compensation should be $112 a month from December 1, 2005. 
Yet, the VA continued to make erroneous payments of $145 a 
month. In fact, in the September 2008 SOC, the VA noted that 
the award of $145 a month was the result of an incorrect 
"manual change" by a VA employee. As such, this 
overpayment was the result of VA administrative error. In 
order for the overpayment to be considered the result of sole 
administrative error, and for the Veteran to consequently not 
be liable for the debt, the Veteran must not have known, or 
should have known, that the payments were erroneous. In this 
regard, the Veteran was informed by VA of the overpayment in 
an October 2006 decision, 10 months after the VA began to 
make the improper payments. The Veteran is not responsible 
for keeping up to date with VA's various periodic legislative 
changes pertaining to payment amounts. The Veteran clearly 
was unaware that the payments of $145 a month were erroneous. 
In fact, he did not receive any formal notice of the 
overpayment from the VA until October 2006, subsequent to all 
payments being made. 

The evidence of record does not demonstrate that the Veteran 
had knowledge that he was receiving benefits to which he was 
not entitled or that he otherwise acted or failed to act in 
such a way as to perpetuate the error. Accordingly, the 
Board finds that the overpayment was solely the result of VA 
administrative error, and that the debt in the amount of $363 
therefore was not properly created and cannot legally be 
charged to the Veteran. Erickson v. West, 13 Vet. App. 495 
(2000) (holding that when an overpayment has been made by 
reason of an erroneous award based solely on administrative 
error, the reduction of that award cannot be made retroactive 
to form an overpayment debt owed to VA from the recipient of 
the erroneous award).

In view of the finding that the overpayment resulted solely 
as a result of VA administrative error, the Board finds that 
the RO's decision to attempt to recover the $363 was improper 
and that the debt is not a valid debt to VA. 38 U.S.C.A. 
§ 5112(b) (9), (10) (West 2002 & Supp. 2009); 38 C.F.R. § 
3.500(b)(2) (2009); Jordan v. Brown, 10 Vet. App. 171 (1997). 

The Board acknowledges that in a November 2006 DMC letter to 
the Veteran, the VA noted that it planned to recoup the $363 
overpayment by withholding benefits beginning in February 
2007. If that is the case, it is feasible that some of the 
overpayment debt may have already been recovered by VA. 
However, in accordance with Franklin v. Brown, 5 Vet. App. 
190, 193 (1993), the Board will consider waiver of the entire 
overpayment. Since the Board has determined that the 
overpayment was not properly created and that the debt was 
not valid, any amount already recouped by VA will be returned 
to the claimant. See Franklin, supra. 

On a final note, the Board sees that in the September 2008 
SOC, the RO briefly addressed the separate issue of the 
validity of the debt for compensation benefits improperly 
withheld from May 30, 2005 to July 11, 2005 due to confusion 
regarding the Veteran's actual incarceration date. This 
issue was referred for possible readjudication to reflect the 
correct date of incarceration, and apportionment of benefits 
to the Veteran's spouse. However, in a January 2009 
administrative decision, the RO determined that from May 30, 
2005 to July 11, 2005, the overpayment of apportionment 
benefits of $1,105.63 to the Veteran's spouse was due to VA 
administrative error in the miscalculation of the Veteran's 
incarceration date. Therefore, the apportionment award of 
the Veteran's spouse was not reduced for the time period from 
May 30, 2005 to July 11, 2005. The RO also noted that the 
Veteran's compensation benefits had been favorably changed to 
reflect withholdings beginning his 61st day of incarceration 
- July 11, 2005. In summary, these particular validity 
issues related to the Veteran's incarceration date have 
already been resolved in the Veteran and his spouse's favor. 
They are not before the Board at this time. 




ORDER

The overpayment in compensation benefits of $363 was not 
properly created and is not a valid debt, such that the 
Veteran's recovery of that sum is granted. 


____________________________________________
A. BRYANT
Veterans Law Judge, Board of Veterans' Appeals


 Department of Veterans Affairs