Kenneth W. PAYNE, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 89–172.

United States Court of Veterans Appeals.

Submitted Aug. 20, 1990.

Decided Nov. 19, 1990.

Kenneth W. Payne, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel and Craig M. Kabatchnick, Washington, D.C., were on the brief for appellee.

Before NEBEKER, Chief Judge, and KRAMER and MANKIN, Associate Judges.

KRAMER, Associate Judge:

In its decision of June 8, 1989, the Board of Veterans' Appeals (BVA) denied the appellant's claim for an increased disability rating, concluding that his entitlement to such an increase was not demonstrated by the evidence presented. Upon consideration of the record and the briefs of the parties, the Court remands this case to the BVA for further consideration of the appellant's left and right knee conditions.

## I.

The appellant's disability began with an injury to his left knee while serving on active duty in 1961. As the result of this injury, the appellant has been forced to undergo numerous medical treatments, including three complete left knee replacements. This left knee condition has been service connected and is currently rated at 30% disabling.

Dissatisfied with this rating and asserting that his total disability had increased due in part to problems with his right knee which had developed as a result of the left knee condition, the appellant filed a re-opened claim with the Cleveland, Ohio, Regional Office of the Veterans Administration (now the Department of Veterans Affairs) (VA) in early 1988. The Regional Office, through a rating decision dated January 27, 1988 denied the claim, specifically noting that it had considered the appellant's "right knee condition" and his "complaint of . . . right knee pain." R. at 61. Inexplicably, however, a February 3, 1988 letter from the Regional Office which notified the appellant of the decision to reject his claim stated only that "[n]o change is warrant[ed] in the prior 30 percent evaluation assigned to your left knee," R. at 62, and made no mention of the appellant's alleged right knee condition.

Disputing this rating decision, the appellant sent to the Regional Office, over the next nine months, two letters, two VA forms, and the report of an orthopedic examination in an effort to obtain an increased disability rating. All but one of these documents contained references to the appellant's right knee as well as his left. R. at 63–73. In addition, the appellant also submitted to a VA examination in November, 1988, at which time he reported to the VA doctor that his private doctor had recommended surgery on the appellant's right knee because of the strain put on it by the left knee condition. R. at 70. The appellant also reported at that examination that "he was unable to walk [five] minutes without severe pain," had "problems getting to sleep," and that he had to "take too much medication to deaden the pain." R. at 70. Despite the many references to the condition of both of the appellant's knees, the Regional Office in a rating decision dated December 30; 1988, made no mention of the appellant's right knee in its decision not to increase the appellant's disability rating. R. at 74–75.

In response to this decision, the appellant filed a Notice of Disagreement on January 9, 1989. R. at 76. He also sent a letter to the VA on February 12, 1989 asserting that he had been forced to wear a knee brace on his left knee since September 13, 1988. R. at 78. The Statement of the Case specifically noted that the appellant had made

complaints about the condition of both his left and right knees. R. at 82. The appellant then raised the right knee issue one final time in his VA Form 1–9, "Appeal to the Board of Veterans' Appeals," which he sent to the BVA in March, 1989:

I have sent you information from my doctor stating that because of my left knee my right knee has had to have surgery performed on it. At the present time I am waiting to have surgery on it.

R. at 85, 87.

Despite this history of repeated claims by the appellant for disability in both knees, the BVA failed in its June 8, 1989 decision to make a determination or any mention of the appellant's claim of a right knee condition. Instead, the BVA phrased the issue as "[e]ntitlement to an increased rating for a total left knee replacement, currently evaluated as 30% disabling," R. at 91, and then proceeded to conclude that "[t]he schedular criteria for a rating in excess of 30 percent for total left knee replacement are not met." R. at 95. There was no mention of the appellant's claims regarding right knee condition. The appellant then appealed to this Court.

## II.

■ Although not mentioned by either party, the VA has adopted a regulation which directly addresses the issue in this case. 38 C.F.R. § 3.310(a) (1989) states:

Disability which is proximately due to or the result of a service-connected disease or injury shall be service connected. When service connection is thus established for a secondary condition, the secondary condition shall be considered a part of the original condition.

The appellant has repeatedly asserted that he has a disabling right knee condition *which was caused by his service connected* left knee condition, and that his overall disability has been increased as a result. R. at 61–73, 85, 87. Thus, the situation that § 3.310(a) is intended to address exists if the appellant's allegations are found to be true.

The relevant provisions of the BVA's jurisdictional statute state:

(a) ... Decisions of the [BVA] shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation.

(c) The [BVA] shall be bound in its decisions by the regulations of the Veterans Administration....

(d) Each decision of the [BVA] shall include–

(1) a written statement of the [BVA]'s findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record....

38 U.S.C. § 4004(a), (c), (d)(1) (1988). The BVA is not free to ignore regulations which the VA has adopted. § 4004(a), (c). Once a veteran raises a well grounded claim to which a regulation could reasonably apply, the BVA must apply that regulation or give the reasons and bases explaining why it is not applicable. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). Thus, the BVA cannot, as it did in the present case through its failure to consider 38 C.F.R. § 3.310 in the context of the appellant's right knee allegations, refuse to acknowledge and act upon relevant assertions and issues which the record clearly shows. Such a refusal in light of § 4004(a), (c), (d)(1) is "arbitrary, capricious, an abuse of discretion," and "not in accordance with law," and must be set aside as such. 38 U.S.C. § 4061(a)(3) (1988). We therefore vacate the BVA decision in this matter and remand this case back to the BVA for a determination by it (or the agency of original jurisdiction) which takes into account the condition of the right knee.

This Court wishes to note in passing that in the *only* discussion of the appellant's alleged right knee condition contained in the appellee's brief, the appellee states:

Appellant states that he claims disability to both knees. However, the record before this Court reveals that there is no evidence of any claim or rating decision regarding the right knee prior to the rendering of the 1989 BVA decision.

Moreover, there is no evidence in the record to support such a claim for service-connected disability benefits.

Br. of Appellee at 14. (citations omitted). Since it is obvious that the record contains numerous references to the right knee, we assume that this statement from the appellee's brief is only an avoidable careless comment on the state of the record.

### III.

This Court also has concerns with respect to the BVA's determinations concerning the appellant's left knee condition.

In the appellant's letter to the VA dated February 12, 1989, the appellant asserted that "since September 13, 198[8] I have had to wear a knee brace on my left knee." R. at 78. The BVA, however, apparently relying on the November 1988 VA examination, (the Court pauses to note here that the report of that examination consists solely of a page filled out by the appellant detailing his medical history and complaints, three blank pages, and a doctor's signature, R. at 70–73) found that "it was recently demonstrated that the veteran could walk without external support." *Kenneth E. Payne*, loc. no. 914456 at 4 (BVA June 8, 1989). There was no comment on the appellant's February 1989 letter.

In the November 1988 VA examination the appellant reported that he was unable "to do [five] minutes of walking without severe pain," was "constantly in pain," had "problems getting to sleep," and had "to take too much medication to deaden the pain." R. at 70. The BVA decision, however, simply states that the appellant "has limited motion of the left knee with *discomfort*." (emphasis added). *Payne*, loc. no. 914456 at 4. Once again the BVA made no comment on the appellant's statements.

■ The reason these incongruities between the BVA decision and the record cause this Court concern is that 38 C.F.R. § 4.71(a), Diagnostic Code 5055, (1989) provides for a 60% disability rating for a knee prosthesis "with chronic residuals consisting of severe painful motion or weakness in affected extremity." In addition, Diagnos-

tic Code 5055 refers us to, and permits a rating by analogy under, 38 C.F.R. § 4.71(a), Diagnostic Code 5262 (1989), which in turn specifically provides for a rating based, in part, upon the use of a brace. Thus, both the alleged existence of pain and the necessity for a knee brace have a bearing on the ultimate rating the appellant should receive as they would tend to indicate painful motion and/or weakness, respectively. Therefore, the BVA must consider this evidence when applying 38 C.F.R. § 4.71(a) and give adequate reasons or bases to support its ultimate determination. § 4004(a), (c), (d)(1). As the BVA decision here fails to do so, it must be set aside pursuant to § 4061(a)(3).

### IV.

This case is remanded to the BVA for proper consideration of all relevant issues and regulations in a manner consistent with this opinion.