**Trino A. PACHECO, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–2313.

United States Court of Veterans Appeals.

Nov. 18, 1998.

Trino A. Pacheco, pro se.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; Joan E. Moriarty, Deputy Assistant General Counsel; and Todd A. Sinkins were on the brief for the appellee.

Before NEBEKER, Chief Judge, and STEINBERG and GREENE, Judges.

STEINBERG, Judge:

The pro se appellant, veteran Trino A. Pacheco, appeals a January 17, 1997, Board of Veterans' Appeals (BVA or Board) decision denying him eligibility for Department of Veterans Affairs (VA) non-service-connect-

ed, needs-based pension benefits. Record (R.) at 1–8. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). For the reasons that follow, the Court will vacate the BVA decision and remand the matter.

## I. Background

The Board decision on appeal contains an adequate summary of the history and evidence in connection with the case, alleviating the need for reiteration here; the pertinent information follows. The veteran served in the U.S. Coast Guard (USCG) Merchant Marines beginning on May 23, 1945. Record (R.) at 21. According to his Form DD–214, signed by "C.E. Larson, YNC, USCG, WW II task force", he was honorably discharged on August 15, 1945, due to the "end of hostilities". *Ibid.* The veteran has also submitted a copy of a USCG "Certificate of Discharge" showing a discharge date of January 25, 1946. R. at 38.

The veteran testified at his February 1994 personal hearing before a VA regional office (RO) that he had engaged in combat while aboard ship after the August 15, 1945, discharge date on his DD–214 and prior to the date of separation indicated on the USCG Certificate of Discharge (January 25, 1946). R. at 54–56.

In the January 17, 1997, BVA decision on appeal, the Board found that the veteran had only 82 days of qualifying active duty during a period of war, rather than the 90 such days that the law requires for basic eligibility for VA pension benefits. *See* 38 U.S.C. § 1521(a),(j); R. at 3. The BVA based its decision on the date of separation listed on the DD–214, and stated that it could not look to the veteran's USCG Certificate of Discharge for the date of separation (if the BVA had looked to that certificate, it would mean that the veteran had served over 90 days of qualifying active duty). R. at 4. The Board also was unpersuaded by arguments that the veteran's active duty dates should be extended by the amount of time required for his travel home.

## II. Analysis

Public Law No. 95–202, § 401, 91 Stat. 1433, 1449–50 (Nov. 23, 1977) [hereinafter Public Law 95–202] provides that the service of certain groups who rendered service to the Armed Forces of the United States shall be considered "active duty for the purposes of all laws administered by the Secretary of Veterans Affairs" if the Secretary of Defense designates the group for such consideration based upon the factors listed in the statute, which include, inter alia, duration of service. Pursuant to Public Law 95–202, the Secretary of Defense promulgated regulations establishing detailed criteria by which to determine whether a group qualifies for active-duty consideration under that Public Law, 32 C.F.R. § 47.2 et seq. (1998), and delegating to the Secretary of the Air Force the power to determine whether specific groups so qualify, 32 C.F.R. § 47.5(b)(8) (1998). Pursuant to those regulations, the Secretary of the Air Force eventually determined that the service of American Merchant Marines in Oceangoing Service during the period from December 7, 1941, to August 15, 1945, will be considered active duty. *See* 53 Fed.Reg. 2775 (1988); *see also* 38 C.F.R. § 3.7(x)(15) (1998) (certifying as "active military service" the service of American Merchant Marines in Oceangoing Service during the period from December 7, 1941, to August 15, 1945). Other law and regulation provide that " 'active duty' means", inter alia, authorized travel to and from such service. 38 U.S.C. § 101(21)(E); *see also* 38 C.F.R. § 3.6(b)(6) (1998).

The Board is required to base its decisions upon consideration of all "evidence and material of record and applicable provisions of law and regulation". 38 U.S.C. § 7104(a); *see Webb v. Brown*, 7 Vet.App. 122, 124 (1994) (remanding for Board to consider interpretation of VA regulations in light of other regulations and statutory provisions); *Payne v. Derwinski*, 1 Vet.App. 85, 87 (1990) (same); *Brillo v. Brown*, 7 Vet.App. 102, 105–106 (1994) (Kramer, J., dissenting) (BVA must discuss applicable statute and regulation in its decision). In its decision, the Board must include a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; the statement must be adequate to enable an appellant to understand the precise basis for the Board's

decision, as well as to facilitate review in this Court. *See* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Simon v. Derwinski*, 2 Vet.App. 621, 622 (1992); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990). Furthermore, the Court noted in *Gilbert:*

> The Supreme Court has held that where the "failure to explain administrative action ... frustrate[d] effective judicial review, the remedy was ... to obtain from the agency ... such additional explanation of the reasons for the agency decision as may prove necessary." *Camp v. Pitts*, 411 U.S. 138, 142–43, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973). Thus, "[t]he proper course in a case with an inadequate record is to vacate the agency's decision and to remand the matter to the agency for further proceedings." *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 347 (D.C.Cir.1989); *see Camp*, 411 U.S. at 143, 93 S.Ct. 1241; *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985).

*Gilbert*, 1 Vet.App. at 57. As discussed below, the BVA decision in this case failed to explain sufficiently several matters that the Court does not believe should be addressed in the first instance here. *See* 38 U.S.C. § 7104(a), (d)(1); *Webb, Brillo,* and *Payne,* all *supra; see also Allday, Simon,* and *Gilbert,* all *supra.* Accordingly, the matter will be remanded.

■ First, the Board did not explain why it concluded that 38 U.S.C. § 101(21)(E) and 38 C.F.R. § 3.6(b)(6), which provide that active duty "means", inter alia, time spent in "authorized travel to or from such duty", did not apply to this case. The Board's reasoning appears to be as follows: Under Public Law 95–202, the date of discharge for persons whose service is considered active duty pursuant to that Public Law shall be determined by the Secretary of *Defense,* who has delegated that authority to the Secretary of the Air Force and has provided that the decision of the Secretary of the Air Force is final and that "[t]here is no appeal". 32 C.F.R. § 47.5(b)(8); *see also Venturella v. Gober,* 10 Vet.App. 340, 341–42 ("service department findings are binding on VA for

purposes of establishing service in the U.S. Armed Forces" (quoting *Duro v. Derwinski,* 2 Vet.App. 530, 532 (1992))). The BVA concluded that, pursuant to 38 C.F.R. § 3.7(x)(15), because the Secretary of the Air Force has established that "the service of the 'American Merchant Marine in Oceangoing Service during the [p]eriod of ... *December 7, 1941, to August 15, 1945,* shall be considered 'active duty ... *for the purposes of all laws administered by the Veterans Administration* [sic]", 53 Fed.Reg. 2775 (emphasis added), "recognition of active duty for Merchant Marines after August 15, 1945, *is simply not authorized* ". R. at 5 (emphasis in original). The Board failed to address why this decision by the Secretary of the Air Force necessarily preempts the Secretary of Veterans Affairs' application of other pertinent law administered by VA, that is, statutory section 101(21)(E) and VA's corresponding regulatory section 3.6(b)(6), to the service period specified under Public Law 95–202. These statutory and regulatory provisions are law that "affects the provision of benefits by the Secretary to veterans", 38 U.S.C. § 511(a), that the VA Secretary is required to interpret and apply. *See Cox v. West,* 149 F.3d 1360, 1365 (Fed.Cir.1998) (interpretation of "a law that affects veterans' benefits ... by the Secretary is mandatory"); *see also Fugere v. Derwinski,* 1 Vet.App. 103, 108 (1990) ("[w]here the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures") (quoting *Morton v. Ruiz,* 415 U.S. 199, 235, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974), and citing *Service v. Dulles,* 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957), and *Vitarelli v. Seaton,* 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959)); *see also United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 267–68, 74 S.Ct. 499, 98 L.Ed. 681 (1954); *Wing v. West,* 11 Vet.App. 98, 101 (1998). Specifically, the Board did not address why any service during the specified time period is not subject to all law and regulation otherwise administered by VA, so that VA is free to—indeed, must—apply the law set forth in section 101(21)(E) and its own regulation (§ 3.6(b)(6)) in terms of determining *what* travel to and from active duty was "authorized". *See Cox, Fugere, Vitarelli, Accardi, and Wing,* all *supra.*

The VA Secretary's role in connection with the implementation of Public Law 95–202 is not a passive one, for the Secretary is obliged to

> seek to achieve (1) the maximum feasible effectiveness, coordination, and interrelationship of services among all programs and activities affecting veterans and their dependents carried out by and under all other departments, agencies, and instrumentalities of the executive branch, and (2) the maximum feasible coordination of such programs with programs carried out under this title.... [and] actively [to] promote the effective implementation, enforcement, and application of all provisions of law and regulations providing for special consideration, emphasis, or preference for veterans.

38 U.S.C. § 523(a). *See Schumacher v. Aldridge,* 665 F.Supp. 41, 45–56 (D.D.C.1987) (holding that denial of active-duty recognition to American merchant seamen who rendered oceangoing service to U.S. Armed Forces during period from December 7, 1941, to December 31, 1946, was not adequately supported by "vague and unstated criteria" applied by Secretary of Air Force and describing importance of Merchant Marine operations to military operations during WW II); *see also* 62 Fed.Reg. 23232 (1997) (April 29, 1997, application to Department of Defense/Military Service Review Board for reconsideration on behalf of "American Merchant Marine Mariners Who Were in Active Oceangoing Service During the Period of August 15, 1945, to December 31, 1946").

Because the BVA decision did not discuss fully the above matters, it did not comply with 38 U.S.C. § 7104(a) and (d)(1). Therefore, that decision will be vacated and the matter remanded for such compliance. *See Webb, Brillo,* and *Payne,* all *supra; see also Allday, Simon,* and *Gilbert,* all *supra.*

### III. Conclusion

Upon consideration of the foregoing analysis, the record on appeal, and the submissions of the parties, the Court vacates the January 17, 1997, BVA decision and remands the matter for issuance of a readjudicated decision supported by an adequate statement of reasons or bases regarding the matters

discussed above, *see* Public Law 95–202, 38 U.S.C. §§ 101(21)(E), 7104(a), (d)(1); 32 C.F.R. § 47.5(b)(8); 38 C.F.R. § 3.6(b)(6); 53 Fed.Reg. 2775; 62 Fed.Reg. 23232; *Schumacher v. Aldridge,* 665 F.Supp. 41; *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991)—all consistent with this opinion and in accordance with section 302 of the Veterans' Benefits Improvements Act, Pub.L. No. 103–446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims remanded by BVA or the Court). *See Allday,* 7 Vet.App. at 533–34. "On remand, the appellant will be free to submit additional evidence and argument" on the remanded claim. *Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992). The Court notes that a remand by this Court and by the Board confers on an appellant the right to VA compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms. *See Stegall v. West,* 11 Vet.App. 268, 271 (1998). A final decision by the Board following the remand herein ordered will constitute a new decision that, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new Board final decision is mailed to the appellant.

VACATED AND REMANDED.