# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 16-3988

HAL H. WILLIAMS, APPELLANT,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued October 23, 2018                                     Decided September 13, 2019)

*Meghan Gentile*, with whom *Katie K. Molter*, was on the brief, all of Arlington, Virginia, for the appellant.

*Timothy G. Joseph*, with whom *James M. Byrne*, General Counsel; *Mary Ann Flynn*, Chief Counsel; *Selket N. Cottle*, Deputy Chief Counsel; and Lindsay J. Gower, Appellate Attorney, were on the brief, all of Washington, D.C., for the appellee.

Before BARTLEY, TOTH, and FALVEY, *Judges*.

BARTLEY, *Judge*: Veteran Hal H. Williams appeals through counsel an August 26, 2016, Board of Veterans' Appeals (Board) decision finding no clear and unmistakable error (CUE) in a January 1970 rating decision that denied service connection for residuals of a left knee injury; and denying an effective date earlier than May 18, 2009, for the grant of service connection for degenerative joint disease (DJD) of the left knee. Record (R.) at 2-11.[1] This appeal, over which the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a), was referred to a panel of the Court, with oral argument, to address (1) whether the pre-amendment version of 38 C.F.R. § 20.1304(a)[2] applies to appeals returned to the Board by the agency of original jurisdiction (AOJ) following a Board remand; and (2) if so, whether that provision deprives appellants of their constitutional right to due process or is otherwise invalid on its face or as applied to Mr. Williams.

---

[1] For ease of reference, record cites include the supplemental materials submitted by the parties on October 11 and November 1, 2018.

[2] Effective February 19, 2019, VA amended § 20.1304(a) to comply with the widespread appeals processing changes mandated by the Veterans Appeals Improvement and Modernization Act of 2017 (VAIMA), Pub. L. No. 115-55131 Stat. 1105 (Aug. 23, 2017). *See* VA Claims and Appeals Modernization, 84 Fed. Reg. 138 (final rule) (Jan. 18, 2019); VA Claims and Appeals Modernization, 84 Fed. Reg. 2,449 (notification of effective date) (Feb. 7, 2019).

On March 19, 2019, the Court issued a decision affirming the August 2016 Board decision. Mr. Williams subsequently filed a timely motion for reconsideration of our decision, which we granted on May 7, 2019. We now issue this reconsidered decision in place of our March 2019 decision and hold, as we did previously, that § 20.1304(a) does not apply to appeals returned to the Board by the AOJ following a Board remand. Accordingly, we affirm the Board decision currently on appeal.

## I. FACTS

Mr. Williams served on active duty in the U.S. Army from August 1963 to August 1966. R. at 625. In May 1969, he filed a claim for service connection for injuries to both knees. R. at 555-58. In January 1970, a VA regional office (RO) granted service connection for a right knee injury but denied service connection for a left knee injury. R. at 472. The veteran did not appeal that denial, and the decision became final.

The current appeal stems from a May 2009 request to reopen the left knee injury claim. R. at 218. After initially denying reopening in September 2009, R. at 189-96, the RO in December 2010 reopened the claim, granted service connection for left knee DJD, and assigned a 10% disability evaluation effective November 18, 2009, R. at 742-50. Mr. Williams timely filed a Notice of Disagreement (NOD) as to the assigned effective date, R. at 134, 136, and, in July 2012, the RO granted an earlier effective date of May 18, 2009, the date of the request to reopen, R. at 120-28. Later in July 2012, the veteran contacted the RO and asserted that he was entitled to an effective date back to the date of the initial denial of the left knee claim in January 1970. R. at 116. Three days later, the RO issued a Statement of the Case (SOC) denying an earlier effective date. R. at 104-15. Mr. Williams timely filed a Substantive Appeal in September 2012. R. at 99.

On January 3, 2013, Mr. Williams's veterans service organization (VSO) representative submitted to the RO a VA Form 646, Statement of Accredited Representative in Appealed Case, in which he checked the box indicating that he "rest[ed] the appeal on the answer to the [SOC] and the hearing on appeal (if conducted)" and had "no further argument" as to the left knee effective date issue. R. at 90. Six days later, the RO completed a VA Form 8, Certification of Appeal, R. at 89, and, on January 18, 2013, the Board notified Mr. Williams that it had received his appeal, R. at 87.

In October 2014, the Board advanced the appeal on the docket due to the veteran's advanced age, informing him that it would "take prompt action to issue a decision in th[e] case." R. at 80. Later that month, the Board remanded the case, because it determined that the veteran had reasonably raised a theory of entitlement to an earlier effective date based on CUE in the January 1970 rating decision, which had not yet been addressed by the RO. R. at 75-79. The Board also remanded the earlier effective date claim because it was inextricably intertwined with the CUE matter. R. at 77.

On December 30, 2015, the RO issued a Supplemental SOC (SSOC) continuing to deny an earlier effective date for the grant of service connection for left knee DJD. R. at 49-65. The SSOC cover letter notified the veteran that he had 30 days to submit additional evidence or argument related to that issue or that he could elect to waive that 30-day period if he had nothing further to submit. R. at 49.

On January 8, 2016, the RO issued a decision dated December 29, 2015, that found no CUE in the January 1970 RO decision. R. at 25-48. The cover letter to that decision included general information on how to appeal the RO's determination and how to submit additional evidence to the RO, without any express date limitation. R. at 25-30.

On January 20, 2016, Mr. Williams submitted a response to the December 2015 SSOC indicating that he had "no other information or evidence to submit" as to the left knee effective date issue and instructing the RO to "return my case to the Board [] for further appellate consideration as soon as possible." R. at 23.

On June 20, 2016, a decision review officer (DRO) noted that the case was "ready to certify to the Board" pending receipt of a completed VA Form 646 from Mr. Williams's VSO representative. R. at 22. The VSO representative returned the completed Form 646 later that day and checked the box indicating that Mr. Williams "rest[ed] the appeal on the answer to the [SOC]" and had "no further argument" as to the left knee effective date issue, including the CUE matter. R. at 21. Three days later, the RO completed a VA Form 8 returning the case to the Board. R. at 17-20.

Thereafter, on July 15, 2016, the Board sent Mr. Williams a letter informing him that his appeal had resumed its place on the docket, that it would be "handled expeditiously" because it had been previously remanded by the Board, and that the Board would "make every effort to decide [the] appeal as quickly as possible." R. at 14. The letter further stated:

Please note that you have 90 days from the date of this letter or until the Board issues a decision in your appeal (whichever comes first) to request a change in representation or to submit additional argument or evidence, if you elect to do so. Any such request or submission must be sent directly to the Board. *See generally* 38 C.F.R. § 20.1304. . . .

*Id.*

Forty-two days later, on August 26, 2016, the Board issued the decision currently on appeal, which found no CUE in the January 1970 RO decision and denied entitlement to an effective date earlier than May 18, 2009, for the grant of service connection for left knee DJD. R. at 2-11. This appeal followed.

## II. ANALYSIS

The dispute in this case arises from the fact that the Board issued the decision on appeal 42 days, rather than after expiration of 90 days, after notifying Mr. Williams that it had received his case back from the RO following the October 2014 Board remand. The veteran argues that the Board erred in relying on § 20.1304(a) because that regulation is unconstitutional on its face and as applied to him, constitutes an arbitrary and capricious interpretation of governing statutes, and violates *Kutscherousky v. West*, 12 Vet.App. 369 (1999), and its progeny. Appellant's Brief (Br.) at 11-25. The Secretary responds that § 20.1304(a) did not apply to the veteran's appeal in the summer of 2016, that no legal authority required the Board to provide Mr. Williams with a set time period in which to submit additional evidence and argument after it received his case back from the RO, and that the veteran has otherwise failed to carry his burden of demonstrating that the Board's improper citation to § 20.1304(a) in its July 2016 notice letter prejudiced him in any way. Secretary's Br. at 6-17. For the following reasons, the Court agrees with the Secretary.

### A. Section 20.1304(a) Does Not Apply to Appeals Returned to the Board After a Remand to the AOJ.

Mr. Williams first challenges the validity of § 20.1304(a) on constitutional and non-constitutional grounds. Appellant's Br. at 11-23. However, the Court need not address those challenges because § 20.1304(a) did not apply to his case when it returned to the Board following the October 2014 Board remand.

4

To determine the circumstances in which § 20.1304(a) applies, we must first look to the language of that regulation, the plain meaning of which can be derived from its text and structure.[3] *See Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409 (1993); *Petitti v. McDonald*, 27 Vet.App. 415, 422 (2015); *see also Burton v. Shinseki*, 25 Vet.App. 1, 4-5 (2011) (examining the plain language of a regulation to determine when it applied). "If the plain meaning of the regulation is clear from its language, that meaning controls and that is the end of the matter." *Frost v. Shulkin*, 29 Vet.App. 131, 137 (2017); *see Brown v. Gardner*, 513 U.S. 115, 120 (1994).

The pre-amendment version of section 20.1304(a) provided, in pertinent part:

> An appellant and his or her representative, if any, will be granted a period of 90 days following the mailing of notice to them that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board, or until the date the appellate decision is promulgated by the Board[], whichever comes first, during which they may submit a request for a personal hearing, additional evidence, or a request for a change in representation.

38 C.F.R. § 20.1304(a) (2018).

The regulation unequivocally indicated that it applied only "following the mailing of notice to [the appellant and his or her representative] that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board." *Id*. That notion was echoed in a companion notice regulation, 38 C.F.R. § 19.36 (2018), which directed that the period specified in pre-amendment § 20.1304(a) for submitting additional evidence and argument to the Board commenced "[w]hen an appeal is certified to the Board[] for appellate review and the appellate record is transferred to the Board." *See also Prickett v. Nicholson*, 20 Vet.App. 370, 382 (2006) (explaining that §§ 19.36 and 20.1304 apply "after an appeal is certified to the Board"), *aff'd sub nom. Prickett v. Mansfield,* 257 F. App'x 288 (Fed. Cir. 2007). The plain language of these regulations therefore reflected that the triggering event for application of § 20.1304(a) was the mailing of notice that an appeal had been certified and transferred to the Board. *See Sutton v. Brown*, 9 Vet.App. 553, 567 (1996) (identifying "the post-certification and post-transfer 90-day period" as the time period relevant to § 20.1304).

---

[3] Mr. Williams alleges that § 20.1304(a) is an unconstitutional or otherwise invalid interpretation of 38 U.S.C. §§ 5902, 5903, 5904, 7104, and 7105. *See* Appellant's Br. at 12-13, 16-19; Motion for Reconsideration (Mot. for Recon.) at 11-15. However, we are not reaching those issues because we conclude, for the reasons set forth below, that § 20.1304(a) did not apply to Mr. Williams's case when it returned to the Board in the summer of 2016.

An appeal is certified to the Board only once, following receipt of the Substantive Appeal. *Compare* 38 C.F.R. § 19.35 (2018) ("Following receipt of a timely Substantive Appeal, the [AOJ] will certify the case to the Board[]."), *with* 38 C.F.R. § 19.38 (2018) (directing that an appeal that was certified to the Board and then remanded to the AOJ be "returned to the Board," without certification, after the AOJ completes development and issues an SSOC). Subsequent transfers of the same appeal to the Board are not certifications, *see* 38 C.F.R. § 19.38, even if they are accompanied by a completed VA Form 8, *see* 38 C.F.R. § 19.35 (stating that certification "is accomplished by the completion of VA Form 8," but noting that "certification is used for administrative purposes" only).

Indeed, prior to the VAIMA amendments and during the period relevant to this appeal, a different set of regulations in parts 19 and 20 of the Code of Federal Regulations—§§ 19.31(c), 19.38, and 20.302(c)—expressly applied to the non-certification transfer of an appeal to the Board after a remand to the AOJ, the situation at issue here. *Cf. Cantrell v. Shulkin*, 28 Vet.App. 382, 390 (2017) (examining surrounding regulations to elucidate the disputed regulation's meaning). Those regulations directed the AOJ to, inter alia, issue an SSOC concerning any additional development conducted in accordance with a Board remand that does not fully resolve the case, 38 C.F.R. §§ 19.31(c) (2018) and 19.38 (2018), and provide "a period of 30 days from the date of mailing of the [SSOC] . . . for response," 38 C.F.R. § 20.302(c) (2018). Section 19.38 further stated that, "[f]ollowing the 30-day period allowed for response to the [SSOC] . . . , the case will be returned to the Board for further appellate processing unless the appeal is withdrawn or review of the response to the [SSOC] results in the allowance of all benefits sought on appeal." Neither those regulations, nor any other, mandated that the Board provide the claimant, as a matter of right, additional time to submit additional evidence and argument after the appeal had been returned to the Board.

Mr. Williams concedes that "certification only occurs once," but he argues that pre-amendment § 20.1304(a) nevertheless applied to his case when it was returned to the Board following the October 2014 remand because, "[a]s long as an appeal is certified, § 20.1304 applies every time the appellate record is transferred to the Board." Reply Br. at 5-6. In essence, he argues that, after an appeal is certified, any mailing of notice that the appellate record has been transferred back to the Board again implicates § 20.1304(a) and begins the running of the time period specified therein. *See* Mot. for Recon. at 12-14. Although the Court agrees that an appeal remanded to the

AOJ does not need to be certified again to be automatically returned to the Board if the RO does not grant benefits in full, we do not agree that § 20.1304(a) is triggered anew each time an appeal is returned to the Board.

As noted above, the time period set forth in pre-amendment § 20.1304(a) for submitting additional evidence and argument without needing to show good cause begins to run "following the mailing of notice . . . that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board." The restrictive clause "that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board" specifies and limits the type of notice that, when mailed, begins that time period. The only way to give meaning to that restrictive clause is to exclude from § 20.1304(a)'s ambit all mailings of notice to an appellant and his or her representative that are not notices that an appeal has been certified and the appellate record has been transferred to the Board. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001))). And because certification occurs only once and an appeal is not recertified each time it returns to the Board, any mailing of notice that does not inform the appellant that his or her appeal has been certified and the appellate record has been transferred to the Board falls outside of § 20.1304(a). To the extent that Mr. Williams's reading of § 20.1304(a) ignores the restrictive clause, it is contrary to the plain language of the regulation. *See Gumpenberger v. Wilkie*, 31 Vet.App. 33, 39 (2019) (noting that the canon against surplusage favors interpretations that avoid reading terms out of a statute or regulation (citing *Freeman v. Quicken Loans, Inc.*, 566 U.S. 624, 635 (2012))).

The July 2016 letter to Mr. Williams that his appeal had been returned to the Board from the AOJ after the October 2014 remand was not "notice that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board "—i.e., the triggering event for application of § 20.1304(a). Mr. Williams's appeal was certified and the appellate record was initially transferred to the Board in January 2013. R. at 89.[4] The letter that

---

[4] Although the notice letter referred to in § 20.1304(a) is not included in the record before the Court, it is referenced in the Board's January 18, 2013, letter to Mr. Williams, R. at 87 ("The letter that your local VA [RO] sent you when it forwarded your VA claims file to the Board includes important information about sending the Board new evidence, changing your representative, and requesting an optional Board hearing. Please review that information

the Board sent Mr. Williams in July 2016 did not state that his appeal was being certified to the Board at that time and instead informed him that his appeal had "been returned to the Board" and had "resumed its place on the docket." R. at 14. The mailing of this notice was mailing of notice that the appeal has been returned to the Board for appellate consideration and, thus, did not implicate § 20.1304(a).

Contrary to the veteran's contention, Appellant's Br. at 20-22, § 20.1304(c) does not expand the applicability of § 20.1304(a) or otherwise contradict our conclusion as to that provision's applicability. Section 20.1304(c) simply specifies that evidence received by the Board pursuant to § 20.1304—either during the period specified in subparagraph (a) or with a showing of good cause after that period, *see* 38 C.F.R. § 20.1304(b)—must be referred to the AOJ for review unless that right is waived or "or unless the Board determines that the benefit or benefits to which the evidence relates may be fully allowed on appeal without such referral." 38 C.F.R. § 20.1304(c). Nothing in § 20.1304(c) speaks to the applicability of § 20.1304(a), and it is therefore inapposite.

Mr. Williams's reliance on *Kutscherousky* and its progeny is similarly misplaced. *See, e.g.*, Appellant's Br. at 23-25; Reply Br. at 1-3, 7-8. In *Kutscherousky*, 12 Vet.App. at 372, the Court held that, whenever the Court remands an appeal to the Board, an appellant is entitled, as a matter of right, to a period of 90 days after the mailing of the Board's post-Court-remand notice in which to submit additional evidence and argument without a showing of good cause. Although the Court looked to § 20.1304(a) to craft that holding, its decision was ultimately based on Board Chairman Memorandum 01-95-06 because no regulation, including § 20.1304(a), addressed the submission of additional evidence and argument to the Board following a Court remand. *Id*.; *see Carter v. Shinseki*, 26 Vet.App. 534, 537 n.4 (2014) (acknowledging that § 20.1304 does not, on its face, apply to remands from the Court to the Board), *overruled on other grounds sub nom. by Carter v. McDonald*, 794 F.3d 1342 (Fed. Cir. 2015). The Court in *Kutscherousky* likened the post-Court-remand notice that the Board sent pursuant to Board Chairman Memorandum 01-95-06 with the post-certification notice that it sent pursuant to § 20.1304(a) and indicated that the mailing of the former would trigger a 90-day period for submitting evidence and argument "under the parameters set forth in []§§ 19.37 [and] 20.1304(a)." 12 Vet.App. at 372-73.

carefully before taking any of those actions.").

However, the Court did not actually apply § 20.1304(a) in *Kutscherousky*, as evidenced by the fact that the Court mandated that the Board provide an appellant a full 90 days to submit additional evidence and argument after mailing the post-Court-remand notice, 12 Vet.App. at 372, instead of using the conditional period of "90 days . . . or until the date the appellate decision is promulgated by the Board[], whichever comes first," set forth in § 20.1304(a). *See Clark v. O'Rourke*, 30 Vet.App. 92, 97 (2018) (contrasting the "liberalizing nature of *Kutscherousky*'s holding" that an appellant has 90 days to submit evidence and argument following a Court remand with § 20.1304(a)'s conditional time period for doing so following certification and initial transfer of the appellate record to the Board).

Nor did the Court in *Kutscherousky* suggest that § 20.1304(a) applied to a situation other than when the AOJ certifies an appeal to the Board and initially transfers the appellate record to the Board. The Court merely looked to § 20.1304(a) for guidance on how the Board dealt with the submission of evidence and argument in other contexts, particularly given the lack of a regulation that directly addressed the submission of evidence and argument following a Court remand to the Board. *See Kutscherousky*, 12 Vet.App. at 372. In this respect, Mr. Williams's case is quite different from *Kutscherousky* because here there are regulations—§§ 19.38 and § 20.302(c)—that expressly govern the submission of additional evidence and argument following a remand by the Board to the AOJ. Given that those regulations set forth the process to be followed in Mr. Williams's precise situation, it would be inappropriate for the Court to ignore those germane authorities and impose on the Board a different and contrary process contained in an inapplicable regulation, as the veteran requests. *See Payne v. Derwinski*, 1 Vet.App. 85, 87 (1990) (declaring that the Board "is not free to ignore regulations which the VA has adopted" and "must apply [any relevant] regulation or give the reasons and bases explaining why it is not applicable").

Moreover, even if *Kutscherousky* could be read more broadly to expand the scope of § 20.1304(a)—which, to be clear, it cannot—the reasoning underlying *Kutscherousky* would not justify applying that regulation to appeals returned to the Board after a remand to the AOJ. The Court in *Kutscherousky* explained that providing an appellant with 90 days to submit additional evidence and argument to the Board after a Court remand was "consistent with the shift of the claim upon remand by the Court from the Court's adversarial process back to the nonadversarial, ex parte adjudication process carried out on behalf of the Secretary." 12 Vet.App. at 372. But no such shift occurred here when the RO returned Mr. Williams's appeal to the Board; to the contrary,

9

the appeal remained, at all relevant times, in VA's nonadversarial system. The Court's reasoning in *Kutscherousky* therefore undermines the veteran's reliance on that case.

The Court's decision in *Clark* also undercuts Mr. Williams's argument. In *Clark*, the Court clarified that *Kutscherousky* mandates that, when an appeal is returned to the Board via a Court remand, an appellant is entitled to a full 90 days to submit additional evidence and argument without a showing of good cause. 30 Vet.App. at 97. In so holding, the Court distinguished *Kutscherousky* from cases governed by § 20.1304(a), which provides either 90 days or until the Board issues its decisions, *whichever comes first*, to submit such evidence and argument without a showing of good cause. *Id*. *Clark*, like *Kutscherousky*, did not address the applicability of § 20.1304(a) and certainly did not indicate that that provision would apply when the AOJ returns an appeal to the Board following a Board remand, a situation not even raised by the facts of that case. Consequently, neither *Kutscherousky* nor *Clark* supports Mr. Williams's position.

In sum, the plain language of pre-amendment § 20.1304(a) and its companion regulations establishes that § 20.1304(a) does not apply when the AOJ returns an appeal to the Board after a Board remand. Instead, that subparagraph applies only after "mailing of notice to [the appellant and his or her representative] that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board"—i.e., immediately after certification and initial transfer of the appellate record to the Board.[5] Contrary to the veteran's assertions, Mot. for Recon. at 11-12, the Court is not adding the terms "immediate" or "initial" to this regulation, but rather we are simply utilizing those terms to summarize our analysis above of when the regulation applies.

Section 20.1304(a) applied when Mr. Williams's appeal was certified and the appellate record was initially transferred to the Board in January 2013. R. at 89. A different set of regulations—§§ 19.31(c), 19.38, and 20.302(c)—governed his appeal when the RO returned it to the Board three and a half years later after completing the tasks specified in the October 2014 Board remand. In accordance with those regulations, Mr. Williams was entitled to, and was

---

[5] Although neither party cites to *Sprinkle v. Shinseki*, 733 F.3d 1180 (Fed. Cir. 2013), the Court notes that certain language in that case could be read to support a different conclusion, *see id*. at 1184, 1187. However, the U.S. Court of Appeals for the Federal Circuit in *Sprinkle* did not address whether and when § 20.1304(a) applies, nor did its analysis or the outcome of the case turn on application of that regulation. Thus, that language appears to be nonbinding dicta. *See Jama v. Immigration & Customs Enf't*, 543 U.S. 335, 352 n.12 (2005) ("Dictum settles nothing, even in the court that utters it."); *McDaniel v. Sanchez*, 452 U.S. 130, 141 (1981) (explaining that "dictum unnecessary to the decision in [a] case" is "not controlling").

provided, 30 days after the RO issued the December 2015 SSOC to submit additional evidence or argument, R. at 49, which he duly waived, R. at 23 (veteran's January 2016 response to the SSOC stating that he had no further evidence to submit); *see also* R. at 21 (June 2016 Form 646 from Mr. Williams's VSO representative averring that he had no further arguments). No regulation required VA to provide the veteran with additional time to submit further evidence or argument after the RO returned the appeal to the Board in June 2016, R. at 17-20, or when the Board notified him that the appeal had resumed its place on the docket in July 2016, R. at 14. The fact that transfer of the appellate record was accomplished by filling out another VA Form 8 had no legal consequence. *See* 38 C.F.R. § 19.35.

In short, § 20.1304(a) did not apply to Mr. Williams's appeal when it was returned to the Board from the RO in the summer of 2016. Consequently, the Court will not address the veteran's constitutional and non-constitutional challenges to the validity of that inapplicable regulation. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."); *Bucklinger v. Brown*, 5 Vet.App. 435, 441 (1993) (same); *see also Suguitan v. McDonald*, 27 Vet.App. 114, 118 n.4 (2014) (declining to address non-constitutional arguments premised on a statute that was not applicable to the appellant's claim). And because Mr. Williams has not presented any argument that does not rely on § 20.1304(a), he has failed to carry his burden of demonstrating error. *See Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc) (holding that the appellant has the burden of demonstrating error), *aff'd per curiam*, 232 F.3d 908 (Fed. Cir. 2000) (table).

### B. The Board's Citation to § 20.1304(a) in its July 2016 Notice Letter Was, At Most, Harmless Error.

In an effort to avoid the conclusion that pre-amendment § 20.1304(a) did not apply to his appeal when it was returned to the Board by the AOJ in June 2016, Mr. Williams asserts that the Board's citation to § 20.1304(a) in its July 2016 notice letter made that provision applicable to his appeal, notwithstanding the language of the regulation itself, or at least misled him into believing that it applied. *See* Appellant's Br. at 13-16; Mot. for Recon. at 3-6. Specifically, he argues that the Board's "act of sending the letter . . . cause[d] a justifiable reliance on that letter and § 20.1304(a)" and induced him into believing that he had more time than he did to submit additional evidence and argument, which he planned to do within 90 days of the mailing of the July 2016 letter. Mot. for Recon. at 3, 6. He contends that "the only ways to cure the defective

notice and restore essential fairness to the appeals process" would have been to either (1) send him a second letter informing him that the July 2016 letter erroneously cited § 20.1304(a) and that that provision did not apply to his appeal, or (2) to have waited a full 90 days from the mailing of the July 2016 letter to issue the Board decision. *Id*. at 3-5. Mr. Williams asserts that, because the Board took neither of those remedial actions, he detrimentally relied on the Board's erroneous citation to § 20.1304(a) and did not immediately submit additional argument in support of his appeal, ultimately resulting in prejudice when the Board issued its decision sooner than he believed § 20.1304(a) required. *Id*. at 6-11.

Despite his allegations of prejudice, *see id*., Mr. Williams has failed to carry his burden of demonstrating that he was harmed by the Board's erroneous citation to § 20.1304(a) in its July 2016 letter. *See* 38 U.S.C. § 7261(b)(2) (requiring the Court to "take due account of the rule of prejudicial error"); *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (explaining that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); *Gambill v. Shinseki*, 576 F.3d 1307, 1311 (Fed. Cir. 2009) (holding that the denial of due process "in a particular case is subject to harmless error analysis"). As an initial matter, the Court notes that the veteran has not identified a legal theory, other than his defective notice argument, that would support applying § 20.1304(a) to his appeal. *See, e.g.*, *Eicher v. Shulkin*, 29 Vet.App. 57, 63-64 (2017) (explaining that substantive rights generally cannot be conferred on claimants based on misstatements of VA). To the extent that any non-notice argument would be based on principles of equitable estoppel, he has failed to demonstrate that equitable estoppel is available against the Government and, even if it is, that equitable estoppel is warranted in this case. *See Gumpenberger*, 31 Vet.App. at 39 (rejecting an argument "premised on equitable estoppel or another related, albeit unidentified, legal theory" because the appellant failed to establish that equitable estoppel could apply against the Government and that it was appropriate in that case) (citing *OPM v. Richmond*, 496 U.S. 414, 430 (1990); *Lyng v. Payne*, 476 U.S. 926, 935 (1986)).

Turning to his defective notice argument, Mr. Williams has not established that the July 2016 letter was inaccurate or misleading about the time period that he had to submit additional evidence and argument to the Board, despite the Board's erroneous citation to § 20.1304(a). His argument in this regard is premised on the incorrect notion that § 20.1304(a) guaranteed him a period of at least 90 days following the mailing of the July 2016 letter to submit additional evidence and argument to the Board without a showing of good cause. *See, e.g.*, Mot. for Recon. at 4 ("[T]he

July 2016 notice letter extended certain expectations to Mr. Williams based on the citation to § 20.1304(a), including an expectation of 90 days to submit additional evidence or argument or obtain counsel."). But § 20.1304(a) makes no such guarantee.

Instead, it states that an appellant and his or her representative "will be granted a period of 90 days" following the mailing of the relevant notice "*or* until the date the appellate decision is promulgated by the Board . . . , *whichever comes first*," to, inter alia, submit additional evidence and argument to the Board. 38 C.F.R. § 20.1304(a) (2018) (emphasis added). By using the disjunctive "or" to separate two deadlines—the specified 90-day period and the date that the Board issues its decision—followed by the determinant phrase "whichever comes first," the regulation creates a mutually exclusive set of alternative deadlines for the submission of such evidence and argument. In other words, § 20.1304(a) sets forth a maximum, not minimum, 90-day period for submitting additional evidence and argument to the Board without needing to show good cause.[6] Thus, to the extent that Mr. Williams relied on the Board's erroneous citation to § 20.1304(a) in the July 2016 letter, any harm that he suffered in thinking that he had at least 90 days from the mailing of that letter to submit additional evidence and argument to the Board was based on his own misreading of that regulation, not any deficiency in the notice provided by the Board. *See Edwards v. Peake*, 22 Vet.App. 29, 34-35 (2008) (rejecting appellant's argument that a VA notice letter "lulled [him] into failing to act" within a specified time period because his misinterpretation of the notice was "inconsistent with the clear notice" VA provided regarding the deadline for such action, notwithstanding deficiencies in the notice regarding the consequences of failing to act), *aff'd sub nom. Edwards v. Shinseki*, 582 F.3d 1351 (Fed. Cir. 2009).

Indeed, nothing in the July 2016 notice letter should have misled him into believing that he had a minimum of 90 days from the date of mailing of that letter to submit additional evidence and argument. The letter communicated to the veteran that his appeal would be "handled expeditiously" and that the Board would "make every effort to decide [the] appeal as quickly as possible." R. at 14. It also instructed him that he had "**90 days from the date of this letter or until the Board issues a decision in your appeal (whichever comes first)** to request a change in representation or to submit additional argument or evidence." *Id.* (emphasis in original). Although

---

[6] Of course, § 20.1304(b) permits the submission of additional evidence and argument at any time after expiration of the 90-day period, provided that the Board has not yet issued a decision on the appeal and the appellant demonstrates good cause for the delayed submission. 38 C.F.R. § 20.1304(b) (2018).

the description of this deadline parrots the language in § 20.1304(a) and the Court concluded in part II.A. above that § 20.1304(a) did not apply to Mr. Williams's appeal when it was returned to the Board in the summer of 2016, the letter accurately informed the veteran that, if the Board decided his appeal sooner than 90 days after the date of mailing of that letter, the deadline for submitting additional evidence and argument would be the date that the Board issued that decision. *Id.* Because the Board actually provided Mr. Williams with the time to submit additional evidence and argument that it specified in the July 2016 letter, even though the applicable regulations—pre-amendment §§ 19.31(c), 19.38, and 20.302(c)—did not require the Board to do so, *see supra* pt. II.A, the Court is not persuaded that the veteran had a reliance interest in a minimum period of 90 days to submit additional evidence and argument to the Board or that he has carried his burden of demonstrating prejudice attributable to a defect in the July 2016 notice letter. *See Edwards*, 22 Vet.App. at 34 (concluding that a notice deficiency was not prejudicial because "nothing in the notice that the RO provided was inaccurate or affirmatively misleading with regard to the deadline for appealing or submitting new evidence").

We are not swayed from this conclusion by Mr. Williams's contention at oral argument that, had he been provided 90 days from mailing of the July 2016 letter, he would have submitted to the Board a new earlier effective date argument based on VA's failure to send a 2004 rating decision to his correct address. Oral Argument at 15:02-16:03. As the Secretary points out, Secretary's Br. at 12-13, the veteran had multiple opportunities to submit additional evidence and argument to VA, including during the 30-day period following the December 2015 SSOC, the 7-month period between issuance of the SSOC and the Board's July 2016 notice letter, and the 42-day period between mailing of that letter and issuance of the Board decision. Both Mr. Williams and his VSO representative affirmatively indicated that they had no further evidence or argument to submit during those first two periods, R. at 21, 23, and the Board's July 2016 notice letter adequately informed the veteran that his case would be "handled expeditiously," that the Board would "make every effort to decide [the] appeal as quickly as possible," and that he could submit additional evidence and argument "until the Board issues a decision in [his] appeal," R. at 14. Thus, although the veteran did not submit his earlier-effective date argument to the Board before it issued its August 2016 decision, he has not established that his failure to do so was the result of a deficiency in the July 2016 letter or any error by the Board in deciding his appeal prematurely. In other words, he has not carried his burden of demonstrating that any prejudice he experienced

was attributable to the Board's erroneous citation to § 20.1304(a) or any error in applying the relevant law.[7] *See Sanders*, 556 U.S. at 409.

Finally, Mr. Williams has failed to establish that the Board's actions in this case—as opposed to § 20.1304(a) itself—deprived him of his constitutional right to due process of law or his systemic right to fair process.[8] *See Prickett v. Nicholson*, 20 Vet.App. 370, 382 (2006) (distinguishing between principles of due process and fair process). At the core of both theories is an allegation that the veteran was denied notice and a meaningful opportunity to participate in the adjudication of his appeal. *See Buffington v. Wilkie*, No. 17-4382, 2019 WL 3049561, at *9 (Vet. App. July 12, 2019) ("An essential principle of due process is that deprivation of a protected interest must 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313, (1950)); *Thurber v. Brown*, 5 Vet.App. 119, 123 (1993) ("The entire thrust of [] VA's nonadversarial claims system is predicated upon a structure which provides for notice and an opportunity to be heard at virtually every step in the process."); *see also, e.g.,* Reply Br. at 8 (citing *Mullane* and *Thurber* for the proposition that "the notice and opportunity to be heard have to be fair and meaningful"). But as outlined above, Mr. Williams had been notified on multiple occasions of the reasons for the denial of his claims and had had numerous opportunities throughout the course of his appeal to submit additional evidence and argument to challenge those denials; yet, he declined to do so before VA. Under these circumstances, the Court cannot conclude that the Board's actions violated Mr. Williams's constitutional due process or non-constitutional fair process rights. *See Prickett*, 20 Vet.App. at 382 (rejecting the appellant's due process argument because "at every stage of the development and processing of her claim . . . , [she] was provided notice and a meaningful opportunity to develop her claim and challenge VA's determination"); *Anderson v. West*, 12 Vet.App. 491, 497 (1999) (finding no fair-process violation where the veteran and his counsel had opportunities to raise arguments to the Board but declined to do so).

---

[7] To be clear, the Court is not holding that the Board's erroneous citation to § 20.1304(a) in a notice letter is necessarily not prejudicial or that the Board does not err when it issues a decision sooner than 90 days after mailing a notice letter to a claimant in a case where § 20.1304(a) actually applies. Rather, we hold only that Mr. Williams has failed to carry his burden of demonstrating that any Board error in this case prejudiced him.

[8] We reiterate that we are not considering a facial challenge to pre-amendment § 20.1304(a) because that regulation did not apply to Mr. Williams's appeal when it returned to the Board following the October 2014 remand to the RO.

## III.  CONCLUSION

Upon consideration of the foregoing, the August 26, 2016, Board decision is AFFIRMED.